IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
December 15, 2011 Session

# IN THE MATTER OF LYLE L. LAWTON

## STEPHEN LAWTON
v.
## LYLE L. LAWTON

**Appeal from the Chancery Court of Coffee County**
**No. 10-22      Vanessa A. Jackson, Judge**

**No. M2011-00475-COA-R3-CV - Filed June 15, 2012**

This appeal involves a conservatorship. After the parties announced in open court that they had reached an agreement on a partial conservatorship, the appellant ward stood up in court and asked to speak. The hearing was adjourned and subsequently the partial conservatorship was ordered in accordance with the agreement. The ward now appeals, arguing *inter alia* that the trial court erred in failing to hold an evidentiary hearing, failing to make the requisite findings, and failing to hear from the ward. We find no error and affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court is Affirmed**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and J. STEVEN STAFFORD, J., joined.

Floyd Don Davis, Winchester, Tennessee for Respondent/Appellant, Lyle L. Lawton

James C. Thomas, Winchester, Tennessee for Petitioner/Appellee, Stephen Lawton

## OPINION

### FACTS AND PROCEEDINGS BELOW

On January 20, 2010, Petitioner/Appellee Stephen Lawton, ("Son") filed a petition in the Chancery Court of Coffee County, Tennessee, seeking to be appointed conservator for his father, Respondent/Appellant Lyle L. Lawton ("Mr. Lawton"). At that time, Mr. Lawton was approximately 91 years old, legally blind, and had significant hearing loss.

Not long before Son filed his petition, Mr. Lawton had received $358,000 from the Veteran's Administration. Shortly after Mr. Lawton received these monies, he married Lena Kite ("Mrs. Lawton-Kite"). Son's conservatorship petition alleged that Mr. Lawton's ability to manage his finances and personal affairs had declined due to some form of dementia, and Son asserted that Mr. Lawton was making inappropriate loans and substantial monetary gifts from the monies he had received. Son claimed that the recipients of the gifts and loans were exerting undue influence over his father. It appears that, at some point, Son became alarmed at the rapid disappearance of his father's monies and removed a portion of Mr. Lawton's funds from Mr. Lawton's control. Son deposited his father's funds with a credit union.

After Son filed his petition, the trial court appointed attorney Christopher R. Stanford as the guardian ad litem ("GAL") for Mr. Lawton, pursuant to Tennessee Code Annotated § 34-1-107. The trial court also ordered that Mr. Lawton be examined by a geriatric physician to determine his mental state and his ability to manage his personal and financial affairs. Son was ordered to transfer the credit union funds to the Clerk and Master of the Court for safekeeping. The trial court enjoined the sale of any of Mr. Lawton's real property pending the hearing, scheduled for November 16, 2010.

Mr. Lawton was evaluated by three physicians: Harry Gwirtsman, M.D. ("Dr. Gwirtsman"), a certified geriatric physician chosen by the GAL, osteopath Albert O. Brandon, D.O. ("Dr. Brandon"), and psychiatrist Indira Challa, M.D. ("Dr. Challa").

In order to investigate Mr. Lawton's circumstances, the GAL visited Mr. Lawton and his new wife, Mrs. Lawton-Kite for an approximate one-hour conversation. The GAL's observations and conclusions were summarized in his report to the trial court. He commented on Mr. Lawton's physical infirmities, noting that he used a walker, magnifier, and hearing aids, and also depended on his wife to get around. In the GAL's visit with Mr. Lawton, the report stated, Mrs. Lawton-Kite answered most of the questions "in an angry, irritated and forceful tone while [Mr. Lawton] intermittently, repetitively and angrily accused his son of stealing from him and demanded that he be prosecuted."

The GAL also reported that Mr. Lawton loaned $70,000 to a friend of Mrs. Lawton-Kite, Barbara Jones ("Ms. Jones"). The loan was to be repaid by Ms. Jones at a rate of $200 per month with no interest. The GAL report said that Mr. Lawton gave Ms. Jones a $5,000 gift in addition to the $70,000 loan. The GAL noted that Ms. Jones and Mrs. Lawton-Kite gave conflicting statements about how the loan and gift came about.

This series of events was what led to Son's involvement in Mr. Lawton's finances, and ultimately to Son filing the conservatorship petition. In August 2009, after Ms. Jones had asked Mr. Lawton for another $10,000 in addition to the $70,000 loan she had already received, Mr. Lawton became confused about what to do and asked Son for advice. Son responded by suggesting that Mr. Lawton put the money into a CD to make it less accessible and so that it could accrue interest. Mr. Lawton initially agreed and named Son as his power of attorney that day; Son placed the money in a CD. The next day, apparently after discussing the matter with Mrs. Lawton-Kite, Mr. Lawton revoked Son's power of attorney and withdrew the money from the CD. Mr. Lawton then decided that he wanted his wife to have power of attorney for him going forward. The GAL recounted this incident in his report and described it as "indicative of the ease with which, [Mr. Lawton] is able to be influenced . . . [and] to be unable to make his own informed financial decisions." The GAL also reported that Mr. Lawton had spent $27,500 on a new vehicle for Mrs. Lawton-Kite, wrote her a check for $19,500, and gave Son a gift of $20,000 as well.

In his report, the GAL also assessed the medical experts' evaluations of Mr. Lawton's mental state. The GAL recommended that the evaluations of Mr. Lawton by Drs. Brandon and Challa be given less weight than Dr. Gwirtsman's evaluation. The GAL characterized the examinations by Drs. Brandon and Challa as "more limited," in that each relied only on a single short discussion with Mr. Lawton to determine his competency, and neither did any testing beyond the short discussion. After a 25-30 minute interview with Mr. Lawton, the GAL said, Dr. Brandon determined that Mr. Lawton suffered from Lewy Body Dementia, but opined that Mr. Lawton's dementia did not rise to the level necessary to appoint a conservator over his person or finances.[1] The GAL's report noted that Dr. Challa's records did not say how much time Dr. Challa spent with Mr. Lawton and did not indicate that Dr. Challa performed any medical tests on Mr. Lawton. Dr. Challa concluded that Mr. Lawton "is competent to handle his own affairs," but the GAL's report characterized this opinion as

---

[1]Dr. Brandon's opinion as to Mr. Lawton's mental state is not contained in the medical records that are in the appellate record. The GAL's report references a deposition given by Dr. Brandon, in which he expresses his opinion on Mr. Lawton, but the appellate record does not include a transcript of the deposition.

"contradictory" to Dr. Challa's previous diagnosis indicating that Mr. Lawton suffers from mild to moderate dementia and requires medication.[2]

In contrast, the GAL report stated, Dr. Gwirtsman first consulted Mr. Lawton's medical records with the Veteran's Administration, and then "performed a battery of tests" on Mr. Lawton, "including an ESR, Apo-E genotype, Vitamin D levels, SED rate, [and a] mini-mental examination." In addition, Dr. Gwirtsman interviewed Mr. Lawton and other family members. The GAL characterized Dr. Gwirtsman's evaluation of Mr. Lawton's data as "extensive." Based on the interviews and the tests, Dr. Gwirtsman concluded that while Mr. Lawton retained the capacity to make personal decisions such as whom to marry, he was physically unable to care for himself and lacked "the capacity to manage finances." Dr. Gwirtsman said that Mr. Lawton's dementia had progressed to the point that "a fiduciary is necessary for the management of [Mr. Lawton's] financial affairs."

Based on his own investigation and the evaluation of Dr. Gwirtsman, the GAL opined in his report that Mr. Lawton "is in need of a conservator and/or a fiduciary to manage his financial affairs." The GAL expressed concern about the "alarming rate" at which Mr. Lawton's assets "disappeared" with Mrs. Lawton-Kite as his caretaker, and also noted the strain in the relationship between Son and Mr. Lawton. For those reasons, the GAL recommended that the trial court appoint a neutral third party as fiduciary for Mr. Lawton.

The GAL's report and the physicians' evaluations of Mr. Lawton were filed with the trial court in advance of the scheduled hearing. Prior to the hearing, there were no objections filed to the trial court's consideration of these materials, and the trial judge reviewed them before the hearing on November 16, 2010.

The hearing took place as scheduled on that date. Present at the hearing were Son and his attorney, Mr. Lawton and his attorney, and the GAL. At the outset, the parties announced that, at "the eleventh hour," they had agreed on a settlement, namely, a limited conservatorship pursuant to Tennessee Code Annotated § 34-7-126. Son's attorney indicated that the parties had agreed as to a finding that Mr. Lawton is a disabled person within the meaning of the statute, and a recommendation that the trial court appoint the county mayor to serve as conservator. The parties agreed that there was no issue concerning Mr. Lawton's testamentary capacity, and that the conservatorship would pertain only to the management of Mr. Lawton's financial affairs. Mr. Lawton's attorney emphasized at the hearing that the criteria in the statute for a finding of disability was not limited to a ward's mental status but

---

[2]The previous report by Dr. Challa to which the GAL refers is not in the appellate record. The record indicates however that Dr. Challa rated Mr. Lawton's dementia as "Actual FAST staging 5," sufficient for continued use of the dementia medication Galantamine.

also included physical impairments such as those suffered by Mr. Lawton, including Parkinson's disease, sight problems, and hearing difficulties. Mr. Lawton's attorney indicated that the proposed order that the parties would submit to the trial court would not specify the type of disability involved.

After listening to the description of the announced settlement by the attorneys for Son and Mr. Lawton, the trial court asked the GAL to give his opinion regarding the proposed agreement. The GAL told the trial court that he agreed with the proposed settlement and believed that it was in the best interest of Mr. Lawton. At this point in the proceedings, the following exchange took place:

> Mr. Thomas [Attorney for Son]: Your Honor, I guess finally I would –
> Mr. Lawton: (Interposing) Does the victim have any chance to say a word?
> The Court: Mr. Kirkpatrick [Attorney for Mr. Lawton], you want to talk with him for just a moment? I hate for people just to speak in court without having an opportunity to consult with counsel. I certainly will hear from him, but if you want to take a few moments and –
> Mr. Kirkpatrick: (Interposing) Can we take a break?
> The Court: Yes, let's take just a quick break and then I'll come back and hear from Mr. Lawton if he has something that he wants to say to the Court.
> Mr. Thomas: Your Honor, real quickly before the break, I believe I'm correct in stating that number one, Mr. Stanford's report that he filed as guardian ad litem is in the court file –
> The Court: (Interposing) Yes.
> Mr. Thomas: – as well as I believe delivered to you is a copy of Dr. Brandon's deposition and Dr. Gwirtsman's assessment.
> The Court: I read all of those last night.
> Mr. Thomas: Very well, Judge.
> The Court: Okay. Let's take a break, and we'll come back in – let's take about a five- or ten- minute break and we'll come back, and then if Mr. Lawton still has something that he wants to address to the Court, I'll be happy to hear that, okay?
>
> (Thereupon a recess was taken.)
>
> Mr. Kirkpatrick: Thank you, your honor.
> Mr. Thomas: Thank you, Judge.
> The Court: Okay. I understand we're adjourned. It's a little bit informal, but you-all are free to go. Thank you for your patience today. We appreciate you-all being here.

The record does not indicate what occurred during the recess of the hearing after Mr. Lawton's interjection. Approximately two weeks after the hearing, on November 30, 2010, the trial court entered a consent order establishing a partial conservatorship as to Mr. Lawton, as described in the hearing. The order was signed by the attorney for Son, the attorney for Mr. Lawton, and by the GAL.[3]

On December 29, 2010, Mr. Lawton filed a motion pursuant to Rule 59 of the Tennessee Rules of Civil Procedure, in which he sought a rehearing as to the November 30, 2010 order and dismissal of the partial conservatorship ordered by the trial court. The Rule 59 motion was filed on behalf of Mr. Lawton by attorney Floyd Davis, who had not previously appeared to represent Mr. Lawton. Citing Tennessee Code Annotated § 34-1-126, Mr. Lawton's motion argued that the trial court was required to find by clear and convincing evidence that Mr. Lawton was fully or partially disabled and in need of assistance. The motion noted that the November 30, 2010 order did not state that the trial court held an evidentiary hearing, only that it heard statements from the parties' counsel and the GAL, and that they had reached an agreement regarding a partial conservatorship. On January 5, 2011, the trial court entered an order permitting attorney Davis to be substituted as counsel for Mr. Lawton, to replace Mr. Kirkpatrick.[4] The order did not indicate the reason for the substitution of counsel.

On February 1, 2011, the trial court held a hearing on Mr. Lawton's Rule 59 motion. The appellate record does not contain either a transcript of the February 1, 2011 hearing or a statement of the evidence for it. The record indicates, however, that the hearing included testimony by Mr. Lawton's former attorney Mr. Kirkpatrick, and statements and arguments by the parties' counsel and the GAL.

On February 23, 2011, the trial court entered an order on Mr. Lawton's Rule 59 motion. This order clarified and augmented the trial court's November 30, 2010 order, and denied the Rule 59 motion. It stated:

> 1. That in approving the agreement of the parties as evidenced by this Court's previous Order dated November [30], 2010, the Court, in addition to approving said agreement, also considered the report of the Guardian ad litem, the report of Dr. Harry Gwirtsman and the deposition of Dr. Albert Brandon prior to the announcement of the parties['] agreement and that said reports were given to the Court by stipulation of the parties that said reports would be evidence in

---

[3]The signatures of Son's attorney and the GAL were signed with permission by Mr. Lawton's attorney.

[4]The record does not include a written motion for substitution of counsel.

this matter and that said reports were filed with the clerk of the Court. Respondent argues that the report of Dr. Harry Gwirtsman was not sworn to according to law. The Court finds that the parties hereto by agreement selected said Dr. Gwirtsman to conduct the examination of respondent, not the Court, and that the parties stipulated that such report would be entered into evidence without objection. The Court further finds that the report of Dr. Gwirtsman was attested to when submitted to the Court by stipulation of the parties.

2. That although the aforesaid agreed order did not specifically use the term "clear and convincing evidence", that said terminology was implied in said order due to the fact that said order stated "That pursuant to T.C.A. 34-1-126, there is sufficient evidence that by virtue of the aforementioned disablement that the respondent is in need of partial supervision" and that said T.C.A. 34-1-126 is the standard of proof required in such matters.

3. That as concerns respondent's argument that the Court did not specifically state in its order that it found the appointment of a conservator to be in the best interest of the respondent, the court did consider T.C.A. 34-3-103 which deals with the proper party to be appointed as conservator and which also mandates that such conservator shall be appointed only if the Court finds that it is in the best interest of the respondent that a conservator be appointed. The Court further finds that in the announced settlement by and between the parties that it was stated on the record that the appointment of a conservator in this matter was in the best interest of the respondent.

4. The court further finds that based upon the foregoing that the Court is of the opinion that there was presented unto the Court on the day of said announcement that there existed clear and convincing evidence that the appointment of a partial conservatorship in this matter was proper and that such appointment was and is in the best interest of the respondent and imposed the least restrictive alternatives upon respondent.

Thus, the trial court stated that it considered the GAL report and the physicians' records and reports pursuant to a stipulation by the parties that these items be submitted as evidence. It also said that its finding that Mr. Lawton was partially disabled and in need of partial supervision was made based on clear and convincing evidence. The trial court acknowledged that its prior order did not include a best interest finding, and stated that it in fact found by clear and convincing evidence that a partial conservatorship would be in Mr. Lawton's best interest. On this basis, the trial court denied Mr. Lawton's Rule 59 motion. Mr. Lawton now appeals.

## ISSUES ON APPEAL AND STANDARD OF REVIEW

On appeal, Mr. Lawton presents the following issues for review:

1.  The trial court erred by failing to hold an evidentiary hearing on the need for a conservatorship because the Order of November 30, 2010 establishing a partial conservatorship states that the court heard statements of counsel and the Guardian ad Litem and that an agreement had been reached and there was no finding by clear and convincing evidence that the Respondent was fully or partially disabled and in need of assistance before a fiduciary was appointed.

2.  The evidence that was considered by the trial court was not properly introduced into evidence.

3.  The trial court erred by refusing to hear from the Respondent after the Respondent requested to be heard in open court.

4.  The trial court erred when it denied the Respondent's motion pursuant to Rule 59 of the Tennessee Rules of Civil Procedure because the court made additional findings of fact in its Order of February 23, 2011, that were not contained in the record.

This Court recently summarized the standard for the appellate court in reviewing an order appointing a conservator:

> [A] petition for the appointment of a conservator requires the lower court to make legal, factual, and discretionary determinations, each of which requires a different standard of review. On appeal, a trial court's factual findings are presumed to be correct, and [a reviewing court] will not overturn those factual findings unless the evidence preponderates against them. For the evidence to preponderate against a trial court's finding of fact, it must support another finding of fact with greater convincing effect. [The appellate court] review[s] a trial court's conclusions of law under a *de novo* standard upon the record with no presumption of correctness. [The appellate court] review[s] discretionary determinations under an abuse of discretion standard. A trial court abuses its discretion when it has applied an incorrect legal standard or has reached a decision which is against logic or reasoning that caused an injustice to the party complaining.

***In the Matter of the Conservatorship of Todd ("In re Todd")***, E2009-02346-COA-R3-CV, 2010 WL 2350568, at *8; 2010 Tenn. App. LEXIS 383, at *23-24 (Tenn. Ct. App. June 14, 2010) (internal citations omitted).

ANALYSIS

## *Background*

"The purpose of a conservatorship is to protect the person and the property of a disabled person." *AmSouth Bank v. Cunningham*, 253 S.W.3d 636, 641 (Tenn. Ct. App. 2006). "Conservators are court appointed fiduciaries who act as agents of the court and their rights and responsibilities are set forth in the court's orders." *Id.* In every conservatorship proceeding, the trial court is to determine whether the respondent to the conservatorship petition is fully or partially disabled and in need of assistance and, if so, whether a full or partial conservatorship is in the respondent's best interest. *See In re Todd*, 2010 WL 2350568, at *8; *In the Matter of the Conservatorship of Groves ("In re Groves")*, 109 S.W.3d 317, 330 (Tenn. Ct. App. 2003). Under Tennessee Code Annotated § 34-1-126, the petitioner seeking the conservatorship must prove by clear and convincing evidence that the respondent is a "disabled person."[5] *See In re Todd*, 2010 WL 2350568, at *7, 10; *In re Groves*, 109 S.W.2d at 330 (citing Tenn. Code Ann. § 34-1-126). Once the petitioner meets his burden of proving that the respondent is fully or partially disabled and in need of assistance from the court, the trial court is then charged with responsibility for determining whether the appointment is in the respondent's best interest. *See In re Todd*, 2010 WL 2350568, at *8. Recognizing the value society places on individual autonomy and self-determination, the court is statutorily required to choose the least restrictive alternative that will sufficiently protect the respondent. Tenn. Code Ann. § 34-1-127; *see In re Groves*, 109 S.W.3d at 330; *In re Todd*, 2010 WL 2350568, at *7.

## *Respondent's Interjection at Hearing*

Initially, Mr. Lawton argues that, from his interjection at the November 16, 2010 hearing, in which he referred to himself as a "victim" and asked to be heard, "the trial court should have realized immediately that there were problems with the parties' alleged agreement." He contends that the outburst at the November 2010 hearing amounted to a demand for his rights under Tennessee Code Annotated § 34-3-106. That statute provides that, in a conservatorship proceeding, the respondent to the conservatorship petition has the right to:

> (1) On demand by respondent or the guardian ad litem, a hearing on the issue of disability;

---

[5] Tenn. Code Ann. § 34-1-101(7) defines a "disabled person" as "any person eighteen (18) years of age or older determined by the court to be in need of partial or full supervision, protection and assistance by reason of mental illness, physical illness or injury, developmental disability or other mental or physical incapacity."

(2) Present evidence and confront and cross-examine witnesses;
(3) Appeal the final decision on the petition;
(4) Attend any hearing; and
(5) Have an attorney ad litem appointed to advocate the interests of the respondent.

Tenn. Code Ann. § 34-3-106 (2007). By adjourning the hearing after Mr. Lawton's outburst, he contends, the trial court denied him his rights.

After reviewing the transcript of the November 16, 2010 settlement agreement, we must respectfully disagree. Nothing in Mr. Lawton's statement at the hearing indicated that he either disagreed with the statements made by the attorneys for the parties in open court or that Mr. Lawton wished to withdraw his consent to the agreement. Moreover, the trial court did not deny Mr. Lawton's request to be heard. To the contrary, the trial judge stated clearly that she would be happy to hear from Mr. Lawton if he wished to address the court, and called a brief recess in order to give Mr. Lawton an opportunity to confer with his attorney. Upon recommencement of the hearing, Mr. Lawton did not further address the trial court, and neither Mr. Lawton nor his attorney indicated that he wished to withdraw his consent to the proposed conservatorship agreement. Indeed, the trial court's November 30, 2010 order is signed by Mr. Lawton's attorney.

Furthermore, Mr. Lawton's Rule 59 motion does not refer to his interjection at the November 16, 2010 hearing. It refers to the parties having reached an agreement as to a partial conservatorship but contains no indication that Mr. Lawson desired to withdraw his consent to that agreement. Instead, the gist of the Rule 59 motion was that, despite the parties' agreement, the trial court was required to conduct a full evidentiary hearing, and asks for dismissal of the order granting a partial conservatorship on that basis. This being the case, we find that the issue of Mr. Lawton's consent to the agreement was never raised in the trial court. As such, we decline to hear it for the first time on appeal. *See Lobertini v. Brown*, No. M2006-01485-COA-R3-JV, 2008 WL 275883, at *3; 2008 Tenn. App. LEXIS 57, at *7-8 (Tenn. Ct. App. Jan. 31, 2008) ("If an issue is not properly raised in the trial court, it cannot be raised for the first time on appeal.").

Accordingly, we consider the remaining issues raised on appeal in light of Mr. Lawton's agreement to the partial conservatorship on the terms outlined by the attorneys at the November 16, 2010 hearing.

### *Evidentiary Hearing*

Mr. Lawton argues next that the trial court erred by failing to hold an evidentiary hearing on the need for a conservatorship. Mr. Lawton notes that the trial court's November 30, 2010 order refers only to the trial court having heard statements of counsel and of the GAL, and does not reflect a finding by clear and convincing evidence that Mr. Lawton was fully or partially disabled and in need of court assistance.

In support, Mr. Lawton cites *In re Todd*, in which the parties agreed to the appointment of a conservator after the trial court heard testimony from the GAL. *In re Todd*, 2010 WL 2350568, at *2-4. However, prior to the entry of the trial court's order, the respondent in *In re Todd* withdrew consent to the conservatorship. *Id.* at *3, 10. Nevertheless, the trial court entered an order of conservatorship, in accordance with the revoked agreement. *Id.* at *3, 11. The respondent appealed. The appellate court vacated the conservatorship order, finding that the truncated evidence at the hearing was insufficient to support a finding that the respondent was disabled and in need of assistance. *Id.* at *13. In addition, the appellate court found that the trial court was required to make a finding on the respondent's best interest, and had not done so. *Id.* at *10.

We must respectfully reject Mr. Lawton's argument for a number of reasons. First, the trial court held not one, but two hearings, both of which must be considered evidentiary hearings. The trial court's February 23, 2011 order makes it clear that, prior to the November 16, 2010 hearing, the parties stipulated that the report of the GAL and the physicians' records and reports would be considered by the trial court as evidence at the November hearing. The trial court's February 23, 2011 order also makes it clear that the February 2011 hearing on Mr. Lawton's Rule 59 motion was an evidentiary hearing, and that the trial court heard testimony from at least one witness. As the appellate record does not include either a transcript of the Rule 59 hearing or a statement of the evidence submitted at the hearing, we must presume that the evidence presented at the hearing supports the findings of the trial court. *In re M.L.D,* 182 S.W.3d 890, 895 (Tenn. Ct. App. 2005); *Sherrod v. Wix*, 849 S.W.2d 780, 783 (Tenn. Ct. App. 1992).

Moreover, the parties stipulated in open court that Mr. Lawton was disabled and in need of the court's assistance. As noted above, this agreement was never revoked by Mr. Lawton. While this Court in *In re Todd* held that the trial court may not defer to the parties' agreement on the issue of best interest, it did not rule that the trial court may not accept the

parties' stipulation that the respondent is disabled and in need of assistance.[6] ***In re Todd***, 2010 WL 2350568, at *10.

Mr. Lawton also notes that the trial court's November 30, 2010 order does not include a finding by clear and convincing evidence that Mr. Lawton was disabled and in need of assistance. As discussed above, the parties stipulated as to this fact, and Mr. Lawton has cited no Tennessee authority indicating that the trial court cannot rely on such a stipulation. Regardless, however, the trial court's February 23, 2011 order makes it clear that the trial court did in fact find that Mr. Lawton was disabled and in need of the court's assistance, based on the clear and convincing evidence presented to the trial court.

### *Evidentiary Objections*

Mr. Lawton also challenges some of the evidence that was considered by the trial court. Specifically, Mr. Lawton contends that the medical report of Dr. Gwirtsman did not comply with the requirements set forth in Tennessee Code Annotated § 34-3-105 which lists criteria for a physician's report in a conservatorship proceeding. He also notes that Dr. Brandon's deposition was not made a part of the trial court record. Mr. Lawton argues that all of the evidence considered by the trial court was not made a part of the record because it was neither submitted as evidence nor orally read to the trial court at the hearing. Mr. Lawton also claims that the trial court erred in relying upon this evidence to make additional findings of fact in its February 23, 2011 order, and in denying his Rule 59 motion on this basis.

The appellate record indicates that Mr. Lawton's objection that the physicians' medical reports did not comply with Section 34-3-105 was not raised until the hearing on his Rule 59 motion. Indeed, no evidentiary objections were raised prior to the hearing on the Rule 59 motion.[7] Therefore, on appeal, we may consider only whether the trial court erred in denying Mr. Lawton's Rule 59 motion on this basis. This Court reviews the denial of a Rule 59 motion under an abuse of discretion standard. ***Stovall v. Clark,*** 113 S.W.3d 715, 721 (Tenn. 2003). A Rule 59 motion should only be granted "when controlling law changes before the judgment becomes final; when previously unavailable evidence becomes available; or to correct a clear error of law or to prevent injustice" and "should not be used to raise or present

---

[6]In ***In re Todd***, the respondent withdrew his consent prior to entry of the trial court's order. Therefore, in contrast to the case at bar, in ***In re Todd*** there was no stipulation that the respondent was disabled and in need of the court's assistance.

[7]The written Rule 59 motion filed by Mr. Lawton does not mention any evidentiary objections. However, the trial court's February 23, 2011 order denying Mr. Lawton's Rule 59 motion refers to an argument made by Mr. Lawton that the report of Dr. Harry Gwirtsman was not sworn to according to law.

new, previously untried or unasserted theories or legal arguments." ***In re M.L.D.***, 182 S.W.3d at 895.

All of Mr. Lawton's evidentiary objections, of course, could have been raised before the trial court entered the November 30, 2010 order. Instead, the admissibility of all of this evidence, including Dr. Brandon's deposition, the GAL report, and Dr. Gwirtsman's assessment, was stipulated to by all the parties prior to the November 2010 hearing. Accordingly, we find no abuse of the trial court's discretion in denying Mr. Lawton's Rule 59 motion on this basis.

Mr. Lawton also contends that the trial court erroneously relied on this evidence to make additional findings of fact in its February 23, 2011 order on the Rule 59 motion. We must disagree with this argument as well. As discussed above, Mr. Lawton stipulated to the submission of this evidence to the trial court for its consideration. In its February 23, 2011 order, the trial court referred to factual findings that Mr. Lawton is disabled and in need of assistance, and that the appointment of a conservator was in his best interest. The extent to which these findings are new or are clarifications of the November 30, 2010 order is unclear. Regardless, in view of the parties' stipulation as to the admissibility of the evidence in question, we see no error in the trial court's reliance on the evidence to make its findings. This issue is without merit.

Finally, Mr. Lawton argues that the parties' agreement in this case "prevented any additional evidence, pro and con, on the subject matter of the Respondent's best interest from being introduced" and thus the trial court "could not make a determination as to the respondent's best interest as statutorily required." Mr. Lawton analogizes the facts in this case to those presented in ***In re Todd***, in which this Court held that the trial court has a statutory obligation to make an independent analysis of the respondent's best interest, and not simply accept the parties' agreement regarding the appointment of a conservator. ***In re Todd***, 2010 WL 2350568, at *10.

We must respectfully disagree. In its February 23, 2011 order, the trial court stated expressly that it considered the statutory requirement that it make an independent finding on best interest, and then found that the appointment of a conservator was in Mr. Lawton's best interest:

> That as concerns respondent's argument that the Court did not specifically state in its order that it found the appointment of a conservator to be in the best interest of the respondent, the court did consider T.C.A. 34-1-103 which deals with the proper party to be appointed as conservator and which also mandates that such conservator shall be appointed only if the Court finds that it is in the best interest of the respondent that a conservator be appointed. The Court

-13-

further finds that in the announced settlement by and between the parties that it was stated on the record that the appointment of the conservator in this matter was in the best interest of the respondent.

The trial court stated that its best interest finding was based on the clear and convincing evidence submitted prior to the November 16, 2010 hearing, showing "that the appointment of a partial conservatorship in this matter was proper and that such [an] appointment was and is in the best interest of [Mr. Lawton] and imposed the least restrictive alternatives upon [him]." Thus, we find the trial court made an independent best interest determination, consistent with *In re Todd*, and that there is clear and convincing evidence in the record to support the finding that the appointment of a conservator was in Mr. Lawton's best interest.

## CONCLUSION

The decision of the trial court is affirmed. Costs on appeal are assessed against Appellant Lyle L. Lawton and his surety, for which execution may issue if necessary.

_____

HOLLY M. KIRBY, JUDGE