IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
April 07, 2015 Session

IN RE CONSERVATORSHIP FOR MARY N. AYERS

Appeal from the Circuit Court for Putnam County
No. 18694     Nolan Goolsby, Judge

_____

No. M2014-01522-COA-R3-CV – Filed June 24, 2015
_____

This appeal arises from a conservatorship proceeding in the Putnam County Probate Court. The trial court appointed co-conservators over the Respondent's property and person. We vacate the trial court's final order and remand for the entry of an order that complies with Tennessee Rule of Civil Procedure 52.01.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Vacated and Remanded**

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S., and KENNY ARMSTRONG, J., joined.

Jason Hicks, Cookeville, Tennessee, for the appellant, Mary N. Ayers.

Dale Bohannon, Cookeville, Tennessee, for the appellee, William H. Nesbitt.

**OPINION**
**I. Background and Procedural History**

This lawsuit was commenced on April 28, 2014, when Petitioner William Harold Nesbitt ("Mr. Nesbitt") filed a petition seeking to establish a conservatorship over his sister, Mary N. Ayers ("Ms. Ayers"). The petition alleged that Ms. Ayers suffered from a variety of mental and physical impairments, including Alzheimer's disease, dementia, advanced macular degeneration in both eyes, and osteoarthritis of the knees. In his petition, Mr. Nesbitt contended that Ms. Ayers was unable to care for herself as a result of these conditions and that she required around-the-clock care. Although the petition stated that Ms. Ayers was bedfast and currently located in a rehabilitation facility, it noted that she had refused physical therapy and further alleged that she had refused to pay certain charges required for her care. In support of his petition, Mr. Nesbitt attached

a sworn statement of Ms. Ayers' physician that described her alleged disability. In addition to requesting that a guardian *ad litem* be appointed to represent Ms. Ayers' interests, the petition prayed that Mr. Nesbitt be appointed as conservator over both Ms. Ayers' person and property. A guardian *ad litem* subsequently was appointed on April 29, 2014.

On June 30, 2014, Mr. Nesbitt filed an amendment to his petition for a conservatorship. The amendment alleged that Ms. Ayers was "faced with a life-threatening situation due to her inability to care for herself[.]" On the same date that Mr. Nesbitt filed this amendment, the trial court entered an order appointing an attorney *ad litem* to represent the interests of Ms. Ayers. A hearing on the conservatorship action subsequently took place at the beginning of July 2014.[1]

Four witnesses testified at the July 2014 hearing. The first witness to testify was Mr. Nesbitt. Mr. Nesbitt testified that he was retired and lived in Woodbridge, Virginia. According to him, Ms. Ayers often merged fantasy with reality. Moreover, he testified that when he attempted to get Ms. Ayers to pay bills that were overdue, she would tell him that he was wrong and that insurance would pay them. When asked what his sister's feelings were about him serving as conservator, he noted that Ms. Ayers would oppose anyone being appointed a conservator. He also testified that he had not visited Ms. Ayers frequently.

After hearing from Mr. Nesbitt, the trial court heard testimony from Melinda Bilbrey ("Ms. Bilbrey"), the Administrative Coordinator at the rehabilitation facility where Ms. Ayers was staying. Ms. Bilbrey testified concerning the difficulties the rehabilitation facility had with Ms. Ayers. Ms. Bilbrey also testified that Ms. Ayers had the "more dangerous stage of dementia." Following Ms. Bilbrey's testimony, the trial court heard testimony from Janet Winton ("Ms. Winton"). Ms. Winton testified she was the Business Account Manager at the rehabilitation facility where Ms. Ayers was receiving care. She stated that, although Ms. Ayers' account balance had previously been high and went unpaid, the balance had been paid as of the hearing date.

After Ms. Winton testified, the trial court heard testimony from Ms. Ayers, who participated by phone. Ms. Ayers testified that she had worked for over thirty years as a professor at Tennessee Tech University. She claimed that she needed no help in paying her bills and stated that she was uncomfortable with the prospect of Mr. Nesbitt serving as her conservator. She testified that she was able to make decisions for herself and asserted that Mr. Nesbitt "just wanted her money."[2]

---

[1] Although the trial court's July 8, 2014, order states that the hearing took place on July 2, 2014, we note that the statement of the evidence approved by the trial court lists a different hearing date of July 3, 2014.
[2] Ms. Ayers' testimony on these matters is reflected in the statement of the evidence approved by the trial court.

In describing her daily routine, Ms. Ayers testified that she has a person who comes and sits with her and runs her errands. Although she refused to agree to anyone being appointed as her conservator, she testified that she would be comfortable with her accountant Sam Sandlin ("Mr. Sandlin") serving as her conservator for her finances. When asked about whom she would like to serve as conservator over her person, she repeated that she did not want her brother to be named. She did state, however, that she trusted her friend and long-time secretary from Tennessee Tech University, Mardell Brown ("Ms. Brown").

Following Ms. Ayers' testimony, the trial court concluded that the appointment of a conservator was needed. On July 8, 2014, the trial court entered an order appointing Mr. Nesbitt and Mr. Sandlin as co-conservators over Ms. Ayers' property and financial matters. The order also appointed Mr. Nesbitt and Ms. Brown as co-conservators of Ms. Ayers' person. On August 5, 2014, Ms. Ayers filed a timely notice of appeal.

## II. Issues Presented

In her brief, Ms. Ayers raises the following issues for review, stated as follows:

1. Whether the trial court erred in appointing a conservatorship based on the proof.

2. Whether the trial court erred in not continuing the case to give the Attorney Ad Litem time to develop the case and alternative candidates for conservator.

3. Whether the trial court erred in appointing a conservator because it was not the least restrictive means available.

With respect to this last issue, Ms. Ayers appears to specifically challenge the necessity of the trial court's imposition of a conservatorship over her property and financial affairs.[3]

## III. Standard of Review

Because "a petition for the appointment of a conservator requires the lower court to make legal, factual, and discretionary determinations[,]" appellate courts may need to apply more than one standard of review when reviewing a lower court's decision regarding the request for a conservatorship. *Crumley v. Perdue*, No. 01-A-01-9704-CH00168, 1997 WL 691532, at *2 (Tenn. Ct. App. Nov. 7, 1997). In reviewing any findings of fact by the trial court, our review is *de novo* "upon the record of the trial court, accompanied by a presumption of the correctness of the finding, unless the

---

[3] In her brief, Ms. Ayers asserts that "[t]his is a case of a woman who can take care of herself at least financially[.]"

preponderance of the evidence is otherwise." Tenn. R. App. P. 13(d). We review a trial court's conclusions on questions of law *de novo*, but no presumption of correctness attaches to the trial court's legal conclusions. *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000). "We review discretionary determinations under an abuse of discretion standard." *In re Conservatorship of Todd*, No. E2009-02346-COA-R3-CV, 2010 WL 2350568, at * 8 (Tenn. Ct. App. June 14, 2010) (citation omitted). "A trial court abuses its discretion when it has applied an incorrect legal standard or has reached a decision which is against logic or reasoning that caused an injustice to the party complaining." *Id.* (citing *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001)).

## IV. Discussion

"The purpose of a conservatorship proceeding is to protect the person and property of a [person with a disability]." *In re Conservatorship of Clayton*, 914 S.W.2d 84, 90 (Tenn. Ct. App. 1995) (citations omitted). "'Conservators are court appointed fiduciaries who act as agents of the court and their rights and responsibilities are set forth in the court's orders.'" *In re Lawton*, 384 S.W.3d 754, 761 (Tenn. Ct. App. 2012) (quoting *AmSouth Bank v. Cunningham*, 253 S.W.3d 636, 641 (Tenn. Ct. App. 2006)). Their fiduciary position of trust is "of the highest and most sacred character." *Grahl v. Davis*, 971 S.W.2d 373, 377 (Tenn. 1998) (citation omitted). "The court itself is ultimately responsible for [persons with a disability] who come under its care and protection[.]" *In re Conservatorship of Clayton*, 914 S.W.2d at 90 (citations omitted).

Under Tennessee Code Annotated § 34-1-126, a petitioner seeking the appointment of a conservator must prove by clear and convincing evidence that the person for whom the conservatorship is sought is disabled and in need of assistance. *In re Lawton*, 384 S.W.3d at 761 (citations omitted). After the petitioner meets his burden, "the trial court is then charged with responsibility for determining whether the appointment is in the respondent's best interest." *Id.* (citation omitted). In determining which person should be appointed to serve as conservator, the trial court is guided by the following order of priority:

1. The person or persons designated in a writing signed by the alleged person with a disability;

2. The spouse of the person with a disability;

3. Any child of the person with a disability;

4. Closest relative or relatives of the person with a disability;

5. A district public guardian as described by § 34-7-104; and

4

6.  Other person or persons.

Tenn. Code Ann. § 34-3-103 (Supp. 2014).  The designation of a particular person to serve as conservator is left to the discretion of the trial court.  *In re Conservatorship of Todd*, 2010 WL 2350568, at *8 (citation omitted).  Nevertheless, in order to appoint a conservator under Tennessee Code Annotated § 34-3-103, the trial court must make two determinations.  First, the trial court must determine what is in the best interest of the person with a disability, considering all relevant facts.  *Id.* (citing *Crumley*, 1997 WL 691532, at *3).  Second, the trial court must determine "who, under the prioritized list, is the appropriate conservator."  *Id.* (citing *Crumley*, 1997 WL 691532, at *3).  Moreover, when the trial court finds that a conservatorship is needed, it "has an affirmative duty to ascertain and impose the least restrictive alternatives upon the person with a disability that are consistent with adequate protection of the person with a disability and the property of the person with a disability."  Tenn. Code Ann. § 34-1-127 (Supp. 2014).

## Request for a Continuance

We first examine Ms. Ayers' contention that the conservatorship hearing should have been continued to a later date.  In her brief, Ms. Ayers contends that her attorney *ad litem* made an oral motion on the date of trial requesting a continuance.  She further states that the trial court denied this motion, thus depriving her of the opportunity to develop her case and to explore alternative candidates for conservator.  Having reviewed the record transmitted to us on appeal, we conclude that we are unable to review Ms. Ayers' assertion of error on this issue.

As an appellate court, "our review power is limited to those factual and legal issues for which an adequate legal record has been preserved."  *Trusty v. Robinson*, No. M2000-01590-COA-R3-CV, 2001 WL 96043, at *1 (Tenn. Ct. App. Feb. 6, 2001) (citations omitted).  "The duty to see to it that the record on appeal contains a fair, accurate, and complete account of what transpired with respect to the issues being raised on appeal falls squarely on the shoulders of the parties themselves, not the courts."  *Id.* (citations omitted).  "For those . . . matters that cannot be gleaned from the papers filed with the court, Tenn. R. App. P. 24(a)(3) requires a transcript or statement of the evidence."  *Id.* at *2.  Here, Ms. Ayers asserts that the trial court erred in denying her oral motion for continuance made on the date of trial.  There is no transcript of proceedings in this case, and the statement of the evidence approved by the trial court does not indicate that a motion for continuance was denied, nor does it even indicate that one was made.[4]  Moreover, the trial court did not enter an order denying the alleged oral motion.  There is simply no record of this issue by which we can conduct a review.  As such, we cannot

---

[4] In addition, we note that no mention of a motion for continuance was included in Ms. Ayers' proposed statement of evidence.

conclude that the trial court erred in conducting a hearing on the conservatorship action at the beginning of July 2014.[5]

## Conservatorship Appointments and the Least Restrictive Alternative

We now turn our attention to the remaining issues raised by Ms. Ayers, including the propriety of the trial court's specific conservatorship appointments. Having reviewed the trial court's July 8, 2014, order, we conclude that it does not contain sufficient findings of fact and conclusions of law to enable meaningful appellate review. Pursuant to Tennessee Rule of Civil Procedure 52.01, "[i]n all actions tried upon the facts without a jury, the court shall find the facts specially and shall state separately its conclusions of law and direct the entry of the appropriate judgment." Tenn. R. Civ. P. 52.01. Here, the trial court's order is deficient in two significant respects. First, it does not contain findings in accordance with Tennessee Code Annotated § 34-1-126. Pursuant to that statute, "[t]he court must find by *clear and convincing evidence* that the respondent is fully or partially disabled and that the respondent is in need of assistance from the court before a fiduciary can be appointed." Tenn. Code Ann. § 34-1-126 (2007) (emphasis added). Upon our review of the trial court's July 8, 2014, order, we observe that it contains virtually no discussion as to why a conservator is needed. Indeed, the order contains only the conclusory finding that "[d]ue to her mental and physical disability, Mary N. Ayers is unable to manage her property or business affairs, or to properly take care of her personal needs." There is no meaningful discussion of Ms. Ayers' functional or decision-making capacity, *see In re Conservatorship of Groves*, 109 S.W.3d 317, 331 (Tenn. Ct. App. 2003) ("[W]hile identification of the disabling illness, injury, or condition is an important part of a conservatorship proceeding, the pivotal inquiry involves not merely the diagnosis but also the effect that the illness, injury, or condition has had on the capacity of the person for whom a conservator is sought."), and there is no indication the trial court imposed a conservatorship that complied with the statutory standard outlined in Tennessee Code Annotated § 34-1-126.

Second, we observe that the trial court's July 8, 2014, order is devoid of any analysis discussing what is in the best interest of Ms. Ayers. Although the trial court has discretion with respect to the designation of a particular conservator, it is clear that the trial court must first determine what is in the best interest of the person with a disability. *In re Conservatorship of Todd*, 2010 WL 2350568, at *8 (citations omitted). "The best interest analysis not only includes the question of whether a conservator is needed, but it also includes the question of who should be appointed to serve in that role." *Id.* at *10.

Because the trial court's July 8, 2014, order does not contain the proper findings as required by Tennessee Code Annotated § 34-1-126 or contain any discussion of Ms.

---

[5] As previously noted, although the trial court's July 8, 2014, order states that the conservatorship hearing took place on July 2, 2014, we note that the statement of the evidence approved by the trial court lists a different hearing date of July 3, 2014.

Ayers' best interest, we conclude that we are unable to properly review the trial court's actions with regard to the conservatorship imposed. We cannot discern whether the trial court abused its discretion with regard to its particular appointments of co-conservators, nor can we properly review Ms. Ayers' contention that the conservatorship imposed over her was not the least restrictive alternative pursuant to Tennessee Code Annotated § 34-1-127. Without sufficient findings and conclusions, "'this court is left to wonder on what basis the court reached its ultimate decision.'" *Hardin v. Hardin*, No. W2012-00273-COA-R3-CV, 2012 WL 6727533, at *3 (Tenn. Ct. App. Dec. 27, 2012) (citation omitted).

In light of our inability to conduct a meaningful appellate review as to the substantive issues raised on appeal, we therefore vacate the trial court's July 8, 2014, order and remand the case for the entry an order setting out specific findings responsive to the statutory standard required under Tennessee Code Annotated § 34-1-126 as well as addressing the best interest of Ms. Ayers in compliance with Tennessee Rule of Civil Procedure 52.01. Although we decline to require the trial court to hold a new hearing on these issues, we hold that the trial court may, in its discretion, hold a new hearing and consider additional proof.

## V. Conclusion

We cannot conclude that the trial court erred in conducting a hearing on the conservatorship action at the beginning of July 2014. Nevertheless, we are unable to conduct a meaningful appellate review as to the substantive issues raised on appeal. We hereby vacate the trial court's July 8, 2014, order and remand the case for the entry of an order setting out specific findings responsive to the statutory standard required under Tennessee Code Annotated § 34-1-126 as well as addressing the best interest of Ms. Ayers in compliance with Tennessee Rule of Civil Procedure 52.01. In its discretion, the trial court may hold a new hearing on these issues and consider additional proof. If the trial court's examination of these matters leads it to different conclusions regarding the need for a conservator, the needed scope of a conservatorship, or the specific choice of conservatorship appointments, these conclusions should be reflected in the trial court's order. The costs of this appeal are assessed against the Appellant, Mary N. Ayers, and her surety, for which execution may issue if necessary.

_____
ARNOLD B. GOLDIN, JUDGE

7