IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
August 20, 2019 Session

## SONYA LEE WESTBROOKS v. EARL LAVON WESTBROOKS

**Appeal from the Circuit Court for Hamilton County
No. 13D2425 L. Marie Williams, Judge**

_____

**No. E2018-01993-COA-R3-CV**

_____

Appellant/Husband appeals the trial court's denial of his Tennessee Rule of Civil Procedure 59.04 motion to reopen proof in this divorce case. By his motion, Husband sought to introduce allegedly "newly discovered evidence" concerning the premarital value of his retirement account. The trial court denied the motion, finding that the evidence, which consisted of Husband's previous divorce decree, was a matter of public record and was available to Husband during discovery in the instant divorce matter. We conclude that the trial court did not abuse its discretion in denying Husband's motion. Affirmed and remanded.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Affirmed and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR. and THOMAS R. FRIERSON, II, JJ., joined.

Lucy C. Wright, Chattanooga, Tennessee, for the appellant, Earl Lavon Westbrooks.

Pamela R. O'Dwyer, Chattanooga, Tennessee, for the appellee, Sonya Lee Westbrooks.

## OPINION

### I. Background

Appellant Earl Westbrooks ("Husband") and Appellee Sonya Westbrooks ("Wife") were married for twenty years. Wife filed for divorce on December 3, 2013; however, the trial did not take place until July 11, 2017. As is relevant to the instant appeal, Husband had a premarital investment account with Paine-Webber. Despite

Wife's significant discovery efforts, he failed to produce documents to substantiate the premarital value of the account. Accordingly, in its final decree of divorce, which was entered on August 3, 2018, the trial court divided the 401K accounts equally between the parties.

On August 30, 2018, within 30 days of entry of the final decree of divorce, Husband filed a "motion for clarification, correction and to amend." The motion, which was brought under Tennessee Rule of Civil Procedure 59.04, alleges, in pertinent part, that, "There may be new evidence to support Husband's allegation that a portion of the 401k was premarital. He is currently trying to obtain this information, and if he does obtain this, he would like the opportunity to present this to the Court." By order of September 24, 2018, the trial court gave Husband two weeks (until October 1, 2018) to supply a legal basis for his Rule 59 motion to reopen proof. On October 17, 2018, Husband filed an amended Rule 59 motion, wherein he averred that he had actually obtained the new evidence. In his brief filed in support of his motion, Husband specified that the "new evidence" is a second divorce decree between him and his first wife, Dorothy. Prior to his marriage to Appellee, Husband was married to Dorothy M. Westbrooks. While Appellee knew of the first marriage to Dorothy, Husband did not disclose that he had divorced Dorothy and then remarried and divorced her a second time prior to his marriage to Appellee. Wife filed an objection to Husband's motion.

By order of October 4, 2018, the trial court denied Husband's motion on its finding that Husband could have produced the post-trial evidence prior to trial. The trial court entered a subsequent order allowing Husband to make an offer of proof. Husband's offer of proof consisted of: (1) a financial statement, which was filed on or about July 19, 1996, in the divorce proceedings between Husband and Dorothy listing the value of "Husband's 401K" as $161,000; (2) the September 5, 1996 final decree granting a divorce to Dorothy and Husband. The final divorce decree awards Husband his retirement account, but does not specify the value of same; (3) Husband's trial brief filed in his second divorce from Dorothy, wherein he states that, "[w]hen the parties remarried. . . [Husband's] retirement account had grown to about $115,000 . . . ."[1] Husband appeals the trial court's denial of his Rule 59.04 motion.

---

[1] Husband's offer of proof included: (1) the final decree of divorce in his second divorce from Dorothy; (2) Husband's trial brief filed in his second divorce from Dorothy; and (3) a financial statement prepared by Husband. The decree of divorce awards Husband the 401(K), but it does not state a value for same. Trial briefs are not considered evidence. Husband's financial statement was prepared by him and was not authenticated. Accordingly, even if these documents were allowed into evidence, they would not be probative on the question of the value of the disputed retirement account.

- 2 -

## II. Issues

Husband raises one issue for review as stated in his brief:

Did the trial court commit reversible error when it failed to consider the post-trial proof furnished by Husband, which tended to show the premarital value of the Husband's 401(k), when the failure to consider the proof resulted in an inequitable distribution of the marital estate?

Wife asserts that Husband's appeal is frivolous and requests attorney fees and costs of the appeal.

## III. Standard of Review

The purpose of a Tennessee Rule of Civil Procedure 59.04 motion "is to provide the trial court with an opportunity to correct errors before the judgment becomes final." **Legens v. Lecornu**, No. W2013-01800-COA-R3-CV, 2014 WL 2922358, at *14 (Tenn. Ct. App. June 26, 2014). "A Rule 59 motion should only be granted 'when controlling law changes before the judgment becomes final; when previously unavailable evidence becomes available; or to correct a clear error of law or to prevent injustice' and 'should not be used to raise or present new, previously untried or unasserted theories or legal arguments.'" **In re Lawton**, 384 S.W.3d 754, 764 (Tenn. Ct. App. 2012) (quoting **In re M.L.D.**, 182 S.W.3d 890, 895 (Tenn. Ct. App. 2005)). We review the trial court's denial of Appellant's Rule 59 motion under an abuse of discretion standard. *See* **In re M.L.D.**, 182 S.W.3d at 895 (citing **Stovall v. Clarke**, 113 S.W.3d 715, 721 (Tenn. 2003) ("We review a trial court's determination of whether to grant a Rule 59.04 motion to alter or amend a judgment under an abuse of discretion standard.")). An abuse of discretion occurs when the trial court causes an injustice by applying an incorrect legal standard, reaches an illogical result, resolves the case on a clearly erroneous assessment of the evidence, or relies on reasoning that causes an injustice. **Wright ex rel. Wright v. Wright**, 337 S.W.3d 166, 176 (Tenn. 2011); **Henderson v. SAIA, Inc**., 318 S.W.3d 328, 335 (Tenn. 2010). The abuse of discretion standard does not permit an appellate court to substitute its judgment for that of the trial court, but "reflects an awareness that the decision being reviewed involved a choice among several acceptable alternatives, and thus envisions a less rigorous review of the lower court's decision and a decreased likelihood that the decision will be reversed on appeal." **Henderson**, 318 S.W.3d at 335 (quoting **Lee Medical, Inc. v. Beecher**, 312 S.W.3d 515, 524 (Tenn. 2010)). Consequently, when reviewing a discretionary decision by the trial court, the appellate court should presume that the decision is correct and should review the evidence in the light most favorable to the decision. **Loewen v. Loewen**, No. M2014-02501-COA-R3-CV, 2015 WL 6438753, at *2 (Tenn. Ct. App. Oct. 22, 2015).

## IV. Analysis

In the recent case of **Simpson v. Simpson**¸ No. E2018-01686-COA-R3-CV, 2019 WL 2157937, *9-10 (Tenn. Ct. App. May 17, 2019), this Court discussed the standard applicable to Rule 59.04 motions filed after judgment is entered in a bench trial:

There have been some changes in the law that call into question whether this standard [i.e., the newly discovered evidence standard articulated in **Seay v. City of Knoxville**, 654 S.W.2d 397, 399 (Tenn. Ct. App. 1983) that "to justify a new trial for newly discovered evidence it must be shown that the new evidence was not known to the moving party prior to or during trial and that it could not have been known to him through exercise of reasonable diligence."] continues to apply in every situation. For example, in **Harris v. Chern**, 33 S.W.3d 741 (Tenn. 2000), the Tennessee Supreme Court rejected the "newly discovered evidence standard" in the context of a motion to review a non-final grant of partial summary judgment under Rule 54.02 of the Tennessee Rules of Civil Procedure. **Id.** at 745. Instead, our supreme court directed Tennessee courts to consider the following "balancing analysis":

1) the movant's efforts to obtain evidence to respond to the motion for summary judgment; 2) the importance of the newly submitted evidence to the movant's case; 3) the explanation offered by the movant for its failure to offer the newly submitted evidence in its initial response to the motion for summary judgment; 4) the likelihood that the nonmoving party will suffer unfair prejudice; and 5) any other relevant factor.

**Id**. Later, our supreme court directed courts to apply this standard to motions to alter or amend final summary judgment orders under Rule 59.04 of the Tennessee Rules of Civil Procedure. **Stovall v. Clarke**, 113 S.W.3d 715, 721 (Tenn. 2003). Although **Stovall** clearly involved a motion to amend the trial court's decision on a motion for summary judgment, the express holding of the opinion was not limited to only motions to alter or amend following summary judgment. Instead, the court simply noted as follows

A party may file a motion to alter or amend a judgment within thirty (30) days after its entry. . . . When additional evidence is presented in support of such a motion, the trial court should consider the factors applicable to a motion to revise a partial summary judgment pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure[.]

- 4 -

*Id.* (citation omitted) (citing Tenn. R. Civ. P. 59.04). The court did, however, go on to cite the *Harris* balancing factors that specifically state that the moving parties' efforts to obtain the information "in responding to the summary judgment" should be considered. *Id*. (citing *Harris*, 33 S.W.3d at 744).

Application of this less stringent standard to Rule 59.04 motions following bench trials has been somewhat unclear. Some decisions have cited both the *Seay* standard and the *Harris* balancing test to motions following bench trials. *See e.g.*, *In re Estate of Ross*, No. M2014-02252-COA-R3-CV, 2015 WL 4557058, at *6 (Tenn. Ct. App. July 28, 2015) (citing both the *Seay* rule and the *Chern* balancing factors); *Kirk v. Kirk*, 447 S.W.3d 861, 869 (Tenn. Ct. App. 2013) (same). Other decisions continue to apply the *Seay* standard without consideration of the *Harris* balancing test. *See, e.g.*, *Wilson Sporting Goods Co. v. U.S. Golf & Tennis Centers, Inc.*, No. E2010-02651-COA-R3-CV, 2012 WL 601804, at *5 (Tenn. Ct. App. Feb. 24, 2012); *Pittman v. Williamson Cty*., No. M2003-02860-COA-R3-CV, 2005 WL 1886891, at *6 (Tenn. Ct. App. Aug. 9, 2005); *cf. Martin v. Martin*, No. M2002-02350-COA-R3-CV, 2004 WL 833083, at *10 (Tenn. Ct. App. Apr. 16, 2004) (holding that "in order for a party to obtain a new trial based on newly discovered evidence, it must be shown that the evidence was discovered after the trial"). Still, other decisions cite only the *Harris* balancing factors. *See, e.g.*, *Cato v. Batts*, No. M2009-02204-COA-R3-CV, 2011 WL 579153, at *8-*9 (Tenn. Ct. App. Feb. 17, 2011); *Rehrer v. Rehrer*, No. E2010-01907-COA-R3-CV, 2011 WL 13165343, at *5 (Tenn. Ct. App. Sept. 15, 2011). Finally, at least once decision has favored an application of the *Harris* factors that takes into account the fact that a trial occurred. *See Legens v. Lecornu*, No. W2013-01800-COA-R3-CV, 2014 WL 2922358, at *15 (Tenn. Ct. App. June 26, 2014) (applying the *Harris* factors to a motion to alter or amend following bench trial, but noting that courts should be cautious in granting such motions where a trial has already occurred).

The Tennessee Supreme Court has never expressly applied the *Harris* balancing test to a Rule 59.04 motion following a bench trial. The *Harris* opinion itself provides some guidance on this issue, however. Specifically, the Tennessee Supreme Court indicated that the less stringent rule was necessary because the litigant was not seeking to alter a trial court's findings following a trial on the merits, but rather was seeking only the basis entitlement of a first trial. *Harris*, 33 S.W.3d at 744 (citing *Schaefer*, 688 S.W.2d at 433). In the situation wherein a litigant seeks to submit new evidence following a trial on the merits, the court cautioned that "courts should be cautious in altering their judgments." *Id*. As such, while the language in *Stovall* is imprecise as to whether the balancing test should apply to all Rule 59.04 motions, *Harris* indicates that expanding its

- 5 -

holding to all motions to alter or amend may be misguided.

Regardless of whether the **Harris** "balancing analysis" or the **Seay** newly discovered evidence rule applies, this Court's opinion in **Isbell v. Travis Elec. Co.**, No. M1999-00052-COA-R3-CV, 2000 WL 1817252, \*5 (Tenn. Ct. App. Dec. 13, 2000), is instructive as to what is or is not newly discovered evidence. In discussing a motion to alter or amend based on newly discovered evidence, the **Isbell** Court stated:

> To be successful in a motion on the basis of newly discovered evidence, the movant must prove that the evidence was discovered after the trial, that it could not have been discovered earlier with due diligence, that it is material and not just cumulative or impeaching, and that it will probably change the outcome if a new trial is granted.

The trial court's October 4, 2018 order denying Husband's Rule 59 motion states, in relevant part:

> [Wife] sought in discovery all information concerning assets owned by [Husband]. Despite these requests and discovery attempts, [Husband] failed to identify the premarital portion of the account at issue. . . . For four and a half years, discovery was extensive and lengthy. The subject of assets and liabilities division and the determination of what was separate and what was martial property was an issue of much discussion and proof. The Court made a specific finding that despite discovery efforts, the defendant failed to produce documents substantiating the premarital value of that account. Only after the Court divided the assets and liabilities and made this finding did the defendant assert the information concerning the premarital value is available.
>
> The new evidence allegedly is found in the form of a second divorce decree between defendant and his ex-wife, Dorothy . . . . In other words, that evidence was of public record. [Husband] would have knowledge the division of assets and liabilities was an issue in that divorce. It was his second divorce from that wife . . . . It appears he had been through two divorces before the one at issue and one must conclude he was familiar with the process. Even if he was not, the substantial discovery efforts of the wife should have reinforced to him the necessity of providing information and investigating the issue. He, in effect, is asking the Court to alter or amend its judgment based on his failure to diligently pursue and obtain information with which to accurately respond to discovery. This is not an issue that can be placed at the feet of his lawyer. He is the one who had the information concerning the division of that asset in the prior divorce . . . .
>
> In deciding this case, the Court notes that the movant's efforts, or

lack thereof, to obtain evidence does not justify the granting of the motion. He failed to provide the information to his attorney.

The importance of the newly submitted evidence to the movant's case is significant. However, its significance simply emphasizes the deficit in his efforts to obtain the information before trial.

The Court finds the explanation for his failure to offer the newly submitted evidence in the trial insufficient.

The issue was in no way created by or contributed to by [Wife] and she would suffer unfair prejudice by the relitigation of these issues and the redividing of the assets and liabilities. In no way was this deficit outside of the control of the moving party.

Although the trial court does not specify whether it is applying *Harris*, *Seay*, or some combination of the two standards, neither party asserts that the trial court applied an incorrect legal standard. Rather, Husband's appellate brief focuses on the *Harris* balancing factors, i.e., the movant's efforts to obtain the new evidence; 2) the importance of the newly submitted evidence to the movant's case; 3) the explanation offered by the movant for its failure to offer the newly submitted evidence; and 4) the likelihood that the nonmoving party will suffer unfair prejudice. Husband does not argue that the foregoing factors were inapplicable; rather, he argues that the trial court's conclusions concerning Husband's action (or inaction) *vis-à-vis* these factors was not supported by the evidence. Similarly, in *Simpson*, the appellant did not argue that the trial court erred in applying the incorrect standard to their post-trial motion and conceded, in their appellate brief, that the *Seay* newly discovered evidence standard was the appropriate standard by which to judge their motion and the trial court's ruling. *Simpson*, 2019 WL 2157937, *10. Likewise, here, Appellant conceded, in his brief, that the *Harris* balancing factors apply. As noted by the *Simpson* Court, "It is well-settled that this Court is under no obligation to formulate a parties' argument." *Id*. (citing *Sneed v. Bd. of Prof'l Responsibility of Supreme Court*, 301 S.W.3d 603, 615 (Tenn. 2010)). Nonetheless, from the trial court's order, *supra*, we conclude that it applied the *Harris* factors in reaching its decision on Husband's Rule 59 motion. Based on the discussion in *Simpson*, and the fact that the Tennessee Supreme Court's has not, to date, clarified whether *Harris* or *Seay* (or some combination of the two) applies to Rule 59.04 motions in bench trials, we cannot conclude that the trial court applied an incorrect legal standard.

The appellate record does not contain a transcript of the hearing on Husband's Rule 59 motion, nor does Husband provide a Tennessee Rule of Civil Procedure 24(c) statement of the evidence adduced at that hearing. Rule 24 of the Tennessee Rules of Appellate Procedure outlines the requirements concerning both content and preparation of the appellate record, to wit:

(a) The record on appeal **shall** consist of: (1) copies, certified by the clerk of the trial court, of all papers filed in the trial court except as hereafter

provided; (2) the original of any exhibits filed in the trial court; (3) the transcript or statement of the evidence or proceedings, which shall clearly indicate and identify any exhibits offered in evidence and whether received or rejected. . . .

* * *

(b) ...the appellant **shall** have prepared a transcript of such part of the evidence or proceedings as is necessary to convey a fair, accurate and complete account of what transpired with respect to those issues on appeal.

(Emphases added). If no transcript is available, Tennessee Rule of Appellate Procedure 24 provides that "the appellant shall prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement should convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal." Tenn. R. App. P. 24(c). The responsibility for the preparation of the transcript or a statement of evidence is on the parties, and the appellant has the primary burden to ensure that a proper record is prepared and filed in this Court. Tenn. R. App. P. 24; *McDonald v. Onoh*, 772 S.W.2d 913, 914 (Tenn. Ct. App. 1989).

As discussed above, we conclude that the trial court did not err in applying the balancing factors outlined in *Harris*. As such, there is no abuse of discretion based on the application of an incorrect legal standard. Regardless, as noted, Appellant's arguments concern the trial court's substantive holdings (set out in context above) that: (1) Husband failed to diligently pursue and obtain the disputed evidence although the evidence was a matter of public record; (2) Husband, as a party to the divorce from Dorothy, knew the evidence existed during all relevant time periods; (3) the importance of the evidence to his case "emphasizes the deficit in his efforts to obtain the information before trial;" (4) Husband's "explanation for his failure to offer the newly submitted evidence in the trial is insufficient; (5) Wife "in no way contributed" to Husband's failure to submit the evidence at trial; and (6) Wife "would suffer unfair prejudice by the relitigation of this issue and the redividing of the assets and liabilities." In other words, the resolution of Husband's arguments rests largely on the relevant facts that were presented or disputed at the hearing on the Rule 59 motion. In his appellate brief, Husband cites the transcript of the hearing on the instant divorce, which transcript is included in our record. However, his reliance on the trial transcript is misplaced as his sole issue on appeal concerns only the trial court's ruling on the Rule 59 motion. Furthermore, Husband's notice of appeal to this Court lists only the October 4, 2018 order, which disposed of the Rule 59 motion. The notice of appeal does not list the August 3, 2017 final decree of divorce. Tennessee Rule of Appellate Procedure 3(f) mandates that "[t]he notice of appeal . . . shall designate the judgment from which relief is sought." In short, the transcript of the divorce hearing is not germane to the instant

appeal and is of no help in our review of the trial court's denial of Appellant's Rule 59 motion.

In the absence of any record of the hearing on the Rule 59 motion, this Court cannot make a meaningful review of the issue. This Court has cautioned that where the issues on appeal turn on factual determinations, the absence of a transcript or statement of the evidence is essentially fatal to the party having the burden on appeal. It is well settled that, in the absence of a transcript or statement of the evidence, this Court must presume that there was sufficient evidence before the trial court to support its judgment. *PNC Multifamily Capital Inst. Fund XXVI Ltd. P'ship v. Mabry*, 402 S.W.3d 654, 661 (Tenn. Ct. App. 2012), *perm. app. denied* (Tenn. Apr. 10, 2013); *Outdoor Management LLC v. Thomas*, 249 S.W.3d 368, 377 (Tenn. Ct. App. 2007). Without a transcript or statement of the evidence, we have no way to determine whether the evidence was sufficient to support the trial court's findings *vis-a-vis* the *Harris* factors. In other words, our ability to address the issue presented by Appellant in this appeal "is severely hampered if not eliminated by the absence of transcripts of the hearing or the trial, or any statement of the evidence prepared in accordance with Tenn. R. App. P. 24(c)." *Rowe v. Rowe*, No. E2005-01023-COA-R3-CV, 2007 WL 541813, at *5 (Tenn. Ct. App. Feb. 22, 2007). Because there is no transcript or Rule 24(c) statement of the evidence, the facts found by the trial court are conclusive on appeal. As such, we hold that the trial court did not reach an illogical result, resolve the case on a clearly erroneous assessment of the evidence, or otherwise abuse its discretion in denying Husband's Rule 59 motion. *Wright ex rel. Wright v. Wright*, 337 S.W.3d at 176 (Tenn. 2011).

### V. Wife's Appellate Attorney Fees

Wife asks this Court to award her attorneys' fees and costs on appeal. Litigants must typically pay their own attorneys' fees absent a statute or agreement providing otherwise. *See State v. Brown & Williamson Tobacco Corp.*, 18 S.W.3d 186, 194 (Tenn. 2000). However, an award of appellate attorney fees is a matter that is within this Court's sound discretion. *Archer v. Archer,* 907 S.W.2d 412, 419 (Tenn. Ct. App. 1995). In considering a request for attorney fees on appeal, we consider the ability of the party seeking the fee award to pay such fees, his or her success on appeal, whether the appeal was taken in good faith, and any other equitable factors relevant in a given case. *Moran v. Wilensky*, 339 S.W.3d 651, 666 (Tenn. Ct. App. 2010)(citing *Archer v. Archer*, 907 S.W.2d 412, 419 (Tenn. Ct. App. 1995)). Considering all of the relevant factors, we exercise our discretion to award Wife her appellate attorneys' fees. The case is remanded for determination of Wife's reasonable appellate attorneys' fees and for entry of judgment on same.

## VI. Conclusion

For the foregoing reasons, we affirm the trial court's order denying Appellant's Rule 59 motion. The case is remanded for determination of Wife's reasonable appellate attorney fees and costs, for entry of judgment on same, and for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed to the Appellant, Earl Lavon Westbrooks, for all of which execution may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE