IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
May 19, 2026 Session

## DANIEL BURSTINER v. BRIAN BOYD ET AL.

**Appeal from the Circuit Court for Maury County**
**No. 17761     M. Caleb Bayless, Judge**

_____

**No. M2025-01241-COA-R3-CV**

_____

After the trial court granted Appellees' motion to dismiss, Appellant sought relief from the order pursuant to Rule 60.02 of the Tennessee Rules of Civil Procedure. The trial court denied the Rule 60.02 motion. The trial court then denied Appellant's request pursuant to Rule 59.04 for relief from the denial of his Rule 60.02 motion. Discerning no reversible error, we affirm the trial court's ruling.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

J. STEVEN STAFFORD, P.J.,W.S. delivered the opinion of the court, in which VALERIE L. SMITH, and STEVEN W. MARONEY, JJ., joined.

Daniel Burstiner, Columbia, Tennessee, Pro se.

Bennett J. Wills, Brentwood, Tennessee, and Brian T. Boyd, Franklin, Tennessee, Pro se.

## OPINION

### I. FACTUAL AND PROCEDURAL BACKGROUND

This case began with Plaintiff/Appellant Daniel Burstiner's pro se complaint for legal malpractice filed on April 26, 2024, in the Maury County Circuit Court ("the trial court") against Defendants/Appellees attorneys Brian Boyd and Bennett Wills (together, "Appellees"). Therein, Mr. Burstiner explained that he hired Appellees to represent him in a construction contract case in which he was the named defendant ("the construction case"). Mr. Burstiner alleged that Appellees "failed to provide appropriate legal guidance and representation" in the construction case, which ultimately led to an arbitration award

against him. The complaint provided several examples of Appellees' allegedly "inappropriate and ineffective actions," including allegations related to Appellees' billing practices, failure to pursue certain legal theories and present all relevant facts, and inadequate preparation for arbitration. Mr. Burstiner sought to recover all of his attorney's fees and costs expended in the construction case and any fees and costs related to the malpractice case.

Appellees filed a joint answer on June 17, 2024, denying any malpractice and raising as affirmative defenses, inter alia, the failure to state a claim upon which relief could be granted, the expiration of the statute of limitations, and the payment of all sums owed.[1] Appellees also filed a joint motion to dismiss the complaint based on the failure to state a claim for legal malpractice the same day. They first argued that Mr. Burstiner's claim accrued on February 28, 2023, when the arbitration award was entered in the construction case, such that the one-year statute of limitations had expired prior to the filing of his complaint. And Appellees again denied any legal malpractice. They argued that it was Mr. Burstiner's failure to follow their advice, not the advice itself, that caused the arbitration award to be entered against him.

On July 5, 2024, Mr. Burstiner filed a motion requesting additional time to respond to Appellees' answer and motion to dismiss, based on difficulties arising from a leg injury.

The trial court granted Appellees' motion to dismiss by order of July 25, 2024. The order noted that only Attorney Boyd was present at the July 22, 2024 hearing. The trial court concluded that Mr. Burstiner's complaint failed to state a claim entitling him to relief. It found that Mr. Burstiner's legal malpractice claim accrued on February 28, 2023, when the arbitration award was entered, making his April 26, 2024 complaint untimely. The trial court also found that Mr. Burstiner's allegations did not amount to legal malpractice. Thus, the trial court dismissed the case with prejudice.[2]

Mr. Burstiner filed a response to Appellees' answer and motion to dismiss on August 21, 2024. He asserted that his claim accrued on May 15, 2023, when Appellees' motion to withdraw in the construction case was granted, such that his complaint was timely. He argued that Appellees failed to fully present all of the relevant evidence at arbitration and further expounded on each of his initial allegations of malpractice. The motion was accompanied by numerous exhibits, including filings from the construction case as well as various documents related to the underlying dispute in the construction case.

Then, on December 9, 2024, Mr. Burstiner filed a motion seeking relief under Rule

---

[1] The electronic signatures of both Appellees followed the answer's prayer for relief but the certificate of service was accompanied by only Attorney Wills's electronic signature. This practice was followed with each of Appellees' joint filings.

[2] The order indicated that it was approved for entry by Appellees. The certificate of service was dated July 22, 2024.

60 of the Tennessee Rules of Civil Procedure. The motion stated that he had not received notice of the motion to dismiss hearing, leading to his failure to attend.[3] Mr. Burstiner further took issue with the hearing being set despite his request for additional time to respond. Mr. Burstiner also denied receiving notice of the entry of the order granting the motion to dismiss. He stated that he did not learn of the hearing or the entry of the dismissal order until November 21, 2024, when he "checked the status of the case online" and "appeared at the court clerk's office" to receive the documents. The next month, Mr. Burstiner filed a motion to set a trial date.[4]

Appellees jointly opposed both motions. They argued that Mr. Burstiner had failed to rebut their statute of limitations defense and so could not show a meritorious defense entitling him to extraordinary relief. Appellees submitted declarations from Attorney Wills,[5] Attorney Boyd,[6] and Brittany Wood, Attorney Boyd's assistant,[7] related to the filing and serving of the notice of hearing.

Mr. Burstiner filed a second Rule 60 motion on January 27, 2025, again asserting that he did not receive notice of the hearing on Appellees' motion to dismiss.[8] Mr. Burstiner

---

[3] Appellees' motion to dismiss indicated that "[a] separate notice of hearing will be filed." The notice of hearing on the motion was filed on July 9, 2024, and contained a certificate that the notice was emailed to Mr. Burstiner. The email listed was that provided on Appellees' other filings, including the motion to dismiss itself, which Mr. Burstiner does not deny receiving.

[4] In both motions, Mr. Burstiner sought to have the case reassigned from Judge M. Caleb Bayless to Judge Christopher V. Sockwell, who had presided over the construction case and was thus "familiar with the background" and circumstances of the case.

[5] As relevant, Attorney Wills's declaration stated:

> I drafted [Appellees'] Motion to Dismiss and the Notice of Hearing in this matter in conjunction with Mr. Boyd. Admittedly, the Certificate of Service does say the notice was served via email, which I cannot personally confirm or deny. At Mr. Boyd's office in Franklin at Thompson Burton, I handed off the notice to Mr. Boyd and his staff for service by email and mailing, as is custom[ary] practice in law firms. I have no reason to believe that instruction was not followed to serve Mr. Burstiner with the notice one way or another.

[6] As relevant, Attorney Boyd's declaration stated:

> The Notice I drafted and filed would have been served in accordance with the Certificate of Service. I make it my practice that all my motions, notices, paper and other legal documents are served by email and US Postal Service. There is no reason for me to believe that my staff did not send Mr. Burstiner the Notice for Hearing, as that is how they were directed to serve the notice and other papers on Mr. Burstiner, and every other counsel of pro se litigant.

[7] As relevant, Ms. Wood's declaration stated: "I would have mailed any document on the Certificate of Service provided on any paper, as directed by the attorneys in our office. Mr. Boyd handed me the notice[,] and I mailed it via US Mail as directed on July 9, 2024."

[8] In this motion, Mr. Burstiner stated that he only learned of the hearing and the dismissal order "when in the Maury County Court House on 21-Nov-2024 to deliver court papers for another case, [he] requested status on the malpractice [case] and then received copies" of both documents.

also filed a "motion for delivering information requested by Judge Bayless," containing a bulleted outline of his arguments supported by legal citations. Mr. Burstiner argued that his claim accrued in September 2023, when he discovered the falsity of a March 2023 statement by Attorney Wills that no appeal could follow the entry of the arbitration award against him in the construction case. He further described the alleged negligence exhibited by Appellees during arbitration and in their representation generally.

The trial court entered its order on Mr. Burstiner's Rule 60 motion on February 11, 2025. The order noted that there was some confusion with the hearing date, and Mr. Burstiner was granted leave to submit his two subsequent filings after the matter had been heard in chambers. Specifically, the trial court stated:

> This matter was heard on January 23, 2025. [Mr. Burstiner] is also a party to other cases in Maury County Chancery Court; however, [Appellees] do not have any associations with the other pending cases. The Maury County Circuit Court Clerk's Office attempted to contact the parties to inform them the case would be reset to Monday, January 27, 2025, for this hearing. Miscommunication occurred and [Appellees] were not given notice of the January 27, 2025 hearing, therefore, the Court accommodated the parties by hearing it on January [23], 2025 (the date [Mr. Burstiner's] cases in Chancery Court were heard). The Court heard arguments from [Mr. Burstiner], acting pro se, and [Appellees]. Ultimately [Mr. Burstiner] requested additional time to provide the Court with a response, in which the Court granted and allowed [Mr. Burstiner] to make additional filings by 9 a.m. January 27, 2025.[9]

Turning to the substance of Mr. Burstiner's request for relief, the trial court determined that neither Rule 60.01 nor any of the provisions of Rule 60.02 applied to the facts of the case. The trial court found that Mr. Burstiner failed to establish a meritorious claim in relation to the limitations period issue. The trial court further "relie[d] on the Declaration filed by Brittany Wood in regard to the notice issue, although it differs from the certificate of service." So the motion was denied.

Mr. Burstiner then filed a motion for reconsideration of this order pursuant to Rule 59.04 of the Tennessee Rules of Civil Procedure on February 28, 2025. The motion contained Mr. Burstiner's suggested "[u]pdates and corrections to the timeline" contained in the trial court's February 11 order and additional commentary related to the rescheduling of the Rule 60 hearing. Mr. Burstiner argued that the trial court erred in crediting Appellees' declarations but not his own statements in finding that he had received proper notice. He also emphasized that Rule 60.02(1) allows relief to be granted based on surprise. As attachments, Mr. Burstiner included a July 11, 2024 email from Attorney Wills with

---

[9] Mr. Burstiner's January 27 filings were both submitted before 9:00 a.m.

the subject line "SERVICE - Notice to Set" and directing Mr. Burstiner to "see the attached" and his reply from a separate email address the next day stating "No attachment."[10] Mr. Burstiner further argued that he did not learn of a statute that would have allowed him to avoid the binding arbitration in the underlying case until researching his January 27 filing, such that the accrual of his malpractice claim reset to February 11, 2025.

Appellees filed a joint motion for Rule 11 sanctions on April 7, 2025, arguing that Mr. Burstiner's repeated filings were legally baseless and meant solely to harass. Mr. Burstiner opposed the motion.

The trial court denied both pending motions by order of July 25, 2025. The trial court incorporated its February 11, 2025 order denying Mr. Burstiner's Rule 60 motion by reference and denied Mr. Burstiner's Rule 59 motion "[f]or the same reasons stated therein[.]" The trial court found that "[Mr. Burstiner's] vexatious litigation and constant motion practice [was] bordering on sanctionable conduct" but declined to award Rule 11 sanctions. From this order, Mr. Burstiner appealed on August 15, 2025.[11]

## II. ISSUES PRESENTED

Mr. Burstiner raises nine issues on appeal. From our review, these issues may be arranged into three broad assignments of error:

1. The trial court erred in not holding an evidentiary hearing on Mr. Burstiner's Rule 60 motion.
2. The trial court erred in not granting Mr. Burstiner's Rule 60 motion where (a) Mr. Burstiner was surprised by entry of the dismissal order due to lack of notice

---

[10] While the email from Attorney Wills indicated that it was sent to the email address included on the certificate of service—the same email address used by Mr. Burstiner throughout the case—Mr. Burstiner's reply indicated that came from a second email address "on behalf of" a third address. The record does not indicate whether any subsequent emails were exchanged by the parties.

[11] Following his notice of appeal, Mr. Burstiner filed a third Rule 60 motion, an amended third Rule 60 motion, a fourth Rule 60 motion, and a "Supplemental Memorandum Regarding Procedural Defects and Unauthorized Representation, For Inclusion in Appellate Record" in the trial court. Appellees filed a second joint motion for Rule 11 sanctions. By order of November 14, 2025, the trial court denied each of Mr. Burstiner's post-appeal motions and granted Appellees' request for sanctions, reserving additional findings pending resolution of this appeal. By the same order, the trial court rejected Mr. Burstiner's proposed statement of the evidence. This later judgment was not included in a supplementary notice of appeal or otherwise brought to this Court's attention by Mr. Burstiner, so we will discuss these post-appeal filings only as relevant to our review of the earlier orders. *See Grigsby v. Univ. of Tenn. Med. Ctr.*, No. E2005-01099-COA-R3-CV, 2006 WL 408053, at *2 (Tenn. Ct. App. Feb. 22, 2006) (refusing to review issues arising out of an order that was entered over two months after the notice of appeal was filed, when the appellant did not file another notice of appeal to include the subsequent order).

of the motion hearing and (b) the dismissal order was void for lack of notice, lack of jurisdiction over Appellees, and lack of proper service.

3. The trial court erred in granting Appellees' motion to dismiss and dismissing Mr. Burstiner's legal malpractice claim with prejudice.

Appellees raise an additional issue: "Whether this appeal is frivolous under T.C.A. § 27-1-122, warranting an award of attorney's fees and costs incurred by Appellees in defending the appeal."

### III. STANDARD OF REVIEW

Although Rule 59.01 of the Tennessee Rules of Civil Procedure prohibits requests for the re-examination of certain post-trial motions, this prohibition does not extend to requests to reconsider motions pursuant to Rule 60. *Third Nat. Bank of Nashville v. Estes*, No. 85-142-II, 1986 WL 3155, at *3 (Tenn. Ct. App. Mar. 12, 1986) (citing *Inryco, Inc. v. Metro. Eng'g Co.*, 708 F.2d 1225, 1232 (7th Cir. 1983); *United States v. Mt. Vernon Mem'l Ests., Inc.*, 734 F.2d 1230, 1235 (7th Cir. 1984); *In re Busick*, 719 F.2d 922, 925 (7th Cir. 1983)). Thus, upon the denial of a Rule 60 motion, the "affected party may, at its option, pursue a direct appeal or seek a re-examination of the order pursuant to [Rule] 59." *Id.* at *2 (citing *Inryco*, 708 F.2d at 1232; *Daily Mirror, Inc. v. N.Y. News, Inc.*, 533 F.2d 53, 56 (2d Cir. 1976)). Such a Rule 59 motion challenges only the denial of the Rule 60 motion, not the validity of the underlying judgment. *Id.* (citing *Inryco*, 708 F.2d at 1232; *Phillips v. Ins. Co. of N. Am.*, 633 F.2d 1165, 1167 (5th Cir. 1981); *Daily Mirror, Inc.*, 533 F.2d at 56); *see also In re Hailey C.*, No. M2020-01487-COA-R3-JV, 2022 WL 320535, at *2 (Tenn. Ct. App. Feb. 3, 2022). A trial court's denial of a Rule 60 motion is reviewed for an abuse of discretion. *Underwood v. Zurich Ins. Co.*, 854 S.W.2d 94, 97 (Tenn. 1993).

"Under the abuse of discretion standard, a trial court's ruling 'will be upheld so long as reasonable minds can disagree as to propriety of the decision made.'" *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001) (quoting *State v. Scott*, 33 S.W.3d 746, 752 (Tenn. 2000); *State v. Gilliland*, 22 S.W.3d 266, 273 (Tenn. 2000)). An abuse of discretion occurs only when the trial court "causes an injustice to the party challenging the decision by (1) applying an incorrect legal standard, (2) reaching an illogical or unreasonable decision, or (3) basing its decision on a clearly erroneous assessment of the evidence." *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010) (citations omitted). "This deferential standard 'reflects an awareness that the decision being reviewed involved a choice among several acceptable alternatives,' and thus 'envisions a less rigorous review of the lower court's decision and a decreased likelihood that the decision will be reversed on appeal.'" *Henderson v. SAIA, Inc.*, 318 S.W.3d 328, 335 (Tenn. 2010) (quoting *Lee Med.*, 312 S.W.3d at 524). Reviewing a decision for an abuse of discretion does not allow this Court to substitute its discretion for that of the trial court, *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 927 (Tenn. 1998), but neither is the trial court's decision immunized from

meaningful review. ***Boyd v. Comdata Network, Inc.***, 88 S.W.3d 203, 212 (Tenn. App. 2002) (citation omitted).

## IV. ANALYSIS

We begin by noting that Mr. Burstiner is proceeding pro se in this appeal, as he has done throughout this case, and as such is granted "a certain amount of leeway in drafting [his] pleadings and briefs." ***Young v. Barrow***, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003) (citations omitted). We "measure the papers prepared by pro se litigants using standards that are less stringent than those applied to papers prepared by lawyers." ***Id.*** (citations omitted). Yet, "[p]ro se litigants must comply with the same substantive and procedural law to which represented parties must adhere." ***Chiozza v. Chiozza***, 315 S.W.3d 482, 487 (Tenn. Ct. App. 2009); *see also* ***Irvin v. City of Clarksville***, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988) ("*Pro se* litigants who invoke the complex and sometimes technical procedures of the courts assume a very heavy burden.").

## A.

Mr. Burstiner argues that the trial court erred in adjudicating his Rule 60 motion without holding a formal evidentiary hearing. He takes issue with the motion being heard in chambers and without notice, a court reporter, sworn testimony, or the presentation of evidence. Mr. Burstiner further argues that the trial court's direction to submit additional materials directly to the court after this informal hearing deprived him "of the right to adversarial process" and a meaningful opportunity to be heard.

To be sure, the trial court noted that the hearing was held in chambers on January 23, 2025, due to an apparent miscommunication regarding scheduling. *See* ***Hessmer v. Hessmer***, 138 S.W.3d 901, 904 (Tenn. Ct. App. 2003) ("Tennessee's trial courts possess broad discretionary authority to control their dockets and the proceedings in their courts."). The order further stated that Mr. Burstiner requested additional time to supplement his motion following the in-chambers hearing and that this request was indeed granted. From this request and his earlier motion for additional time to respond to Appellees' motion to dismiss, it is clear that Mr. Burstiner was aware of his ability to, and the methods for, making such requests of the trial court. But there is no indication in the record that Mr. Burstiner objected to the admittedly impromptu hearing, expressed his desire to testify, or otherwise requested a second, formal hearing on his motion. *See* ***In re I.G.***, No. M2015-01974-COA-R3-JV, 2016 WL 8077967, at \*5 (Tenn. Ct. App. Dec. 2, 2016) (finding a similar argument waived where the party "failed to establish that the trial court was made aware of his intention to testify or that he raised this issue before the trial court"). Beyond unsupported allegations that Appellees misled the court in order to move up the hearing date and catch him unprepared, Mr. Burstiner made no mention of the hearing in his Rule 59 motion. We can find no error in the trial court not considering a request that was not made. *See* ***State v. Vance***, 596 S.W.3d 229, 253 (Tenn. 2020) ("A trial court cannot

evaluate an objection that is not made."); *see also* Tenn. R. App. P. 36(a) ("Nothing in this rule shall be construed as requiring relief be granted to a party responsible for an error or who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error.").

Moreover, the record contains no indication that the trial court treated the admittedly impromptu hearing as informally as Mr. Burstiner claims. This is not a case in which the trial court dismissed a Rule 60 motion without allowing the parties the opportunity to present proof or considering the merits of the motion. *See **Gonzalez v. Gonzalez***, No. W2012-02564-COA-R3-CV, 2013 WL 4774139 (Tenn. Ct. App. Sept. 5, 2013) (reversing the trial court's dismissal of the plaintiff's Rule 60 motion where the dismissal order "clearly denied [the plaintiff] a hearing" on the motion and made "no mention of the trial court's consideration of [the plaintiff's] newly presented evidence or as to whether the requirements of Rule 60.02 [were] met"); ***Howard v. Howard***, No. E2022-01385-COA-R3-CV, 2023 WL 6465223 (Tenn. Ct. App. Oct. 4, 2023) (vacating denial of the plaintiff's Rule 60 motion where the trial court did not consider evidence from the parties at one hearing, did not hold the second hearing it said would be held, and did not state the basis for the denial).

Instead, in its order, the trial court explicitly stated that it "heard arguments" from both Mr. Burstiner and Appellees and set out specific allegations made by Mr. Burstiner at the hearing. And again, Mr. Burstiner was granted the opportunity to file any additional documents he wished after the hearing. The trial court expressly based its denial of the motion on its review of the merits of Mr. Burstiner's post-hearing filings. It is unclear how allowing these submissions deprived Mr. Burstiner of a meaningful right to be heard; that the trial court was not persuaded by his arguments does not mean that they were not considered. Nor has Mr. Burstiner made any attempt to explain the proof that he would have offered at a more formal hearing, either in the trial court or in his appellate briefing. *Cf.* ***Blount v. Blount***, 720 S.W.3d 295, 324 (Tenn. Ct. App. 2024) ("A trial court's erroneous exclusion of evidence only requires reversal if that evidence would have affected the outcome of the trial if it had been admitted, and a reviewing court cannot make such a determination 'without knowing what the excluded evidence would have been.'" (quoting ***Jernigan v. Paasche***, 637 S.W.3d 746, 758 (Tenn. Ct. App. 2021))), *perm. app. denied* (Mar. 13, 2025); ***Harper v. Harper***, No. E2002-01259-COA-R3-CV, 2003 WL 192151, at *4 (Tenn. Ct. App. Jan. 29, 2003) (remanding for a hearing on the defendant's Rule 60 motion where the trial court refused to hear any proof related to the motion but "[i]n her offer of proof, [the defendant] describe[d] a series of events which, if true, could lead one to believe she was the innocent victim of circumstance"). We discern no reversible error in the trial court's decision to hear Mr. Burstiner's Rule 60 motion in chambers or in the lack of a formal evidentiary hearing.

**B.**

We turn then to the substance of Mr. Burstiner's request for Rule 60 relief. Motions under Rule 60 allow a litigant to seek relief from a final judgment. *See Henry v. Goins*, 104 S.W.3d 475, 479 (Tenn. 2003) (holding that once a judgment becomes final, a Rule 60 motion becomes a litigant's "*sole* avenue for relief from the [judgment]" (emphasis added)). In doing so, the Rule aims "to strike a proper balance between the competing principles of finality and justice." *Jerkins v. McKinney*, 533 S.W.2d 275, 280 (Tenn. 1976). A party seeking relief under Rule 60 "must describe the basis of relief with specificity," *Minor Miracle Prods., LLC v. Starkey*, No. M2011-00072-COA-R3-CV, 2012 WL 112593, at *7 (Tenn. Ct. App. Jan. 12, 2012) (citing *Hopkins v. Hopkins*, 572 S.W.2d 639, 640 (Tenn. 1978)), and prove its entitlement to such relief by clear and convincing evidence. *Henderson*, 318 S.W.3d at 336 (citing *McCracken v. Brentwood United Methodist Church*, 958 S.W.2d 792, 795 (Tenn. Ct. App. 1997)). "Evidence is clear and convincing when it leaves 'no serious or substantial doubt about the correctness of the conclusions drawn.'" *Id.* (quoting *Goff v. Elmo Greer & Sons Constr. Co.*, 297 S.W.3d 175, 187 (Tenn. 2009)).

As relevant here, Rule 60.02 provides that "[o]n motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; . . . [or] (3) the judgment is void[.]" Tenn. R. Civ. P. 60.02.[12] It is well established that relief under Rule 60.02 is an "exceptional remedy." *Nails v. Aetna Ins. Co.*, 834 S.W.2d 289, 294 (Tenn. 1992). So although Rule 60.02 has been described as an "escape valve from possible inequity that might otherwise arise from the unrelenting imposition of the principle of finality imbedded in our procedural rules," *Thompson v. Firemen's Fund Ins. Co.*, 798 S.W.2d 235, 238 (Tenn. 1990), that valve "should not be

---

[12] At various points in their analysis of Mr. Burstiner's Rule 60 motion, the trial court and the parties have each discussed the accrual of his legal malpractice claim and the timeliness of his complaint, i.e., whether Mr. Burstiner has a meritorious claim. This question of merit comes from the three-prong test used in considering whether to grant Rule 60 relief from a default judgment or from a dismissal for failure to prosecute. *See Henry*, 104 S.W.3d at 481 ("Because of the similarity between default judgments and dismissals [for failure to prosecute], we find instructive those factors that are used to determine if a default judgment should be vacated under Rule 60.02(1). Those factors include: (1) whether the default was willful; (2) whether the defendant has a meritorious defense; and (3) whether the non-defaulting party would be prejudiced if relief were granted."). Our supreme court has stated that "[t]here is much more reason for liberality in reopening a judgment when the merits of the case never have been considered than there is when the judgment comes after a full trial on the merits." *Tenn. Dep't of Human Servs. v. Barbee*, 689 S.W.2d 863, 866 (Tenn. 1985) (quoting 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2857 (1973)). As previously noted, however, despite Mr. Burstiner's non-attendance at the motion hearing, the trial court's order granting Appellees' motion to dismiss clearly involved an adjudication of the merits and was neither a default judgment nor a dismissal for failure to prosecute. *See Harper v. Harper*, No. E2002-01259-COA-R3-CV, 2003 WL 192151 (Tenn. Ct. App. Jan. 29, 2003) (rejecting the defendant's argument that the final judgment should be considered a default judgment due to her absence at trial). Because we resolve this appeal on other bases, *infra*, we have no need to consider whether the trial court's reliance on Mr. Burstiner's purported lack of meritorious defense to Appellees' statute of limitations affirmative defense is applicable in this situation.

easily opened." ***Toney v. Mueller Co.***, 810 S.W.2d 145, 146 (Tenn. 1991). Thus, "[t]he bar for obtaining relief is set very high, and the burden borne by the moving party is heavy." ***DeLong v. Vanderbilt Univ.***, 186 S.W.3d 506, 511 (Tenn. Ct. App. 2005) (citation omitted).

### i. Rule 60.02(1)

Throughout this case, Mr. Burstiner's argument has been that he should be relieved from the July 2024 dismissal order because he did not receive notice of the hearing on Appellees' motion to dismiss. While his Rule 60 motion and subsequent filings did not specify the subsection he was relying on, in his Rule 59 motion, Mr. Burstiner emphasized his lack of notice of the hearing, and his resultant failure to appear at the hearing, as "[t]he very definition of surprise." Although the surprise aspect of Rule 60.02(1) is perhaps not as often cited in this context, courts have repeatedly found that "[w]hen a party has no notice of a critical step in a court proceeding, the circumstances may make out a case of excusable neglect." ***Henry***, 104 S.W.3d at 480 (involving a request for relief from a default judgment); *accord* ***Campbell v. Archer***, 555 S.W.2d 110, 112 (Tenn. 1977). Thus, whether premised on a theory of surprise or excusable neglect, a claim that a party did not receive notice of a critical court proceeding may be sufficient to afford relief from a final judgment under Rule 60.02(1).

Under Rule 5.01 of the Tennessee Rules of Civil Procedure, certain written motions and post-complaint filings must be served upon each of the parties. The service requirements under Rule 5 are "less stringent" than those contained in Rule 4 for service of process. ***Zulueta v. Montgomery***, No. M2009-02406-COA-R3-CV, 2010 WL 3170774, at *2 (Tenn. Ct. App. Aug. 11, 2010) (citations omitted). Service of a written motion or notice can be made, inter alia, "by emailing the person the document" and including "language in the subject line designed to alert the recipient that a document is being served[.]" Tenn. R. Civ. P. 5.02(2)(a).

Proof of service "may be by certificate of a member of the Bar of the Court or by affidavit of the person who served the papers, or by any other proof satisfactory to the court." Tenn. R. Civ. P. 5.03. "There must of necessity be a very strong presumption as to the correctness of a return of service, signed by an officer of the court, or else court proceedings would frequently degenerate into unprovable wrangling over the collateral matter of service." ***Harris v. Hensley***, No. M1999-00654-COA-R3-CV, 2000 WL 630924, at *3 (Tenn. Ct. App. May 17, 2000). While the requirements set out for service "are designed to give every reasonable assurance that a copy of the pertinent papers in the suit actually reach adversary parties," Tenn. R. Civ. P. 5.03, Advisory Comm'n Comment, "there obviously exists the possibility of proof that a document was not received even though a certificate of service appears on it." ***Est. of Vanleer v. Harakas***, No. M2001-00687-COA-R3-CV, 2002 WL 32332191, at *8 (Tenn. Ct. App. Dec. 5, 2002). As such, "[a] certificate of service is prima facie evidence that a motion was served in the manner

described in the certificate, and raises a rebuttable presumption that it was received by the person to whom it was sent." ***McBride v. Webb***, No. M2006-01631-COA-R3-CV, 2007 WL 2790681, at \*3 (Tenn. Ct. App. Sept. 25, 2007) (citing ***Orr v. Orr***, No. 01-A-01-9012-CH-00464, 1991 WL 226916 at \*4 (Tenn. Ct. App. Nov. 6, 1991)). "The burden is on the complaining party to show by clear and convincing evidence that he was not served." ***Harris***, 2000 WL 630924, at \*3. "Once rebuttal evidence is presented, the question of receipt becomes an issue of fact for the trial court to decide." ***Bd. of Prof'l Resp. v. Curry***, 266 S.W.3d 379, 389 (Tenn. 2008).

It is well settled that "[a]llegations in the pleadings are not, of course, evidence of the facts averred. Unless such facts are admitted or stipulated, they must be proved by documents, affidavits, oral testimony or other competent evidence." ***Hillhaven Corp. v. State ex rel. Manor Care, Inc.***, 565 S.W.2d 210, 212 (Tenn. 1978). Accordingly, "[a] simple denial of service by a party is never sufficient to set aside a judgment[.]" ***Id.*** (citing ***State ex rel Agee v. Chapman***, 922 S.W.2d 516, 518 (Tenn. Ct. App. 1995), ***Posey v. Eaton***, 77 Tenn. (9 Lea) 500 (1882)); *see also* ***Se. Bank & Tr. v. Caldarera***, No. E2015-00353-COA-R3-CV, 2015 WL 7890039 (Tenn. Ct. App. Dec. 4, 2015) (finding that the presumption of service was not rebutted where the defendant offered only his testimony and that of his wife to establish that he did not receive a motion containing a certificate that it was sent to the address provided in his answer). *But see* ***Est. of Vanleer***, 2002 WL 32332191, at \*7 (finding reasonable doubt sufficient to set aside a default judgment where the certificate of service was rebutted by the defendant's testimony and the plaintiff offered no additional proof on the issue). Nor can a party hope to rebut the presumption of receipt by merely attaching documents purportedly demonstrating a lack of receipt to his or her request for relief. *See* ***State ex rel. Gray v. Daugherty***, No. M2020-00081-COA-R3-CV, 2020 WL 6798903, at \*3 (Tenn. Ct. App. Nov. 19, 2020) (finding an abuse of discretion in the trial court's granting of a Rule 60 motion where the movant relied solely on its motion and the documents attached, without offering any affidavits or establishing the legitimacy of its documentation). Something more must be provided to meet the clear and convincing evidence standard required. *See, e.g.*, ***Harris***, 2000 WL 630924, at \*3 (allowing that a party's testimony might be able to rebut the presumption of receipt if "supported by other disinterested witnesses or by corroborating circumstances"); ***Tenn. State Bank v. Lay***, 609 S.W.2d 525 (Tenn. Ct. App. 1980) (reversing the denial of a Rule 60.02(1) motion where the defendant supported the claim that she did not receive service of process with her own affidavit and the affidavit of a third party that she was out of the state at the time service was certified as accomplished).

The presumption of receipt was effectively rebutted in ***Bok v. State***, No. 03A01-9812-BC-00426, 1999 WL 552849 (Tenn. Ct. App. July 28, 1999). There, the trial court granted the defendant's motion to dismiss after finding that the plaintiff's failure to respond to the motion "essentially constitutes a waiver of any objection to the motion." ***Id.***, at \*1 The plaintiff subsequently filed a motion for new trial and to reconsider, claiming that he had not received notice of the defendant's filing. Along with the motion for new trial, the

plaintiff submitted the affidavit of his counsel that testified to the plaintiff's stated lack of notice. The trial court denied the motion for new trial. *Id.* On appeal, this Court reversed, finding the denial to be an abuse of the trial court's discretion. In making this decision, we relied on the leniency required in determining whether to set aside a default judgment and the unrefuted affidavit provided by the plaintiff's attorney. *Id.* (citing **Tenn. State Bank**, 609 S.W.2d 525; **Campbell**, 555 S.W.2d at 113).

This case involves neither of the considerations found in **Bok v. State**, however. First, as already noted, the July 2024 dismissal order was not predicated on Mr. Burstiner's failure to appear at the motion hearing. Mr. Burstiner has attempted to assert otherwise by relying on statements allegedly made in chambers by the trial court at the Rule 60 hearing. It appears that he recorded the hearing without the knowledge or permission of the trial court; even to the extent he would be permitted to do so, he has not provided the recording for review by either this Court or the trial court. In any event, "Tennessee law is clear that the trial court speaks through its written orders, not the transcript[,]" **In re Navada N.**, 498 S.W.3d 579, 594 (Tenn. Ct. App. 2016) (citing **Williams v. City of Burns**, 465 S.W.3d 96, 119 (Tenn. 2015)), and the trial court's order plainly reviews the arguments set out in Appellees' motion to dismiss. So Mr. Burstiner's Rule 60 motion does not benefit from the same liberality afforded to those stemming from default judgments.

Second, Mr. Burstiner has not provided any sworn testimony or other competent evidence to rebut the certificate of service included with Appellees' notice of hearing. To be sure, his Rule 60 motion was not accompanied by any supporting documents.[13] And despite the trial court granting Mr. Burstiner the time to make additional filings after the hearing on his Rule 60 motion, he failed to take advantage of this opportunity to file an affidavit or sworn declaration that he did not receive the notice of hearing. Although Mr. Burstiner signed each of his filings, none indicated that his statements therein were made

---

[13] Mr. Burstiner did submit a copy of an email thread between himself and Attorney Wills, in which he stated that no attachment had been received, with his February 2025 Rule 59 motion. However, he did not offer any explanation for his failure to produce this evidence—his own email from July 2024—with his December 2024 Rule 60 motion or the additional January 2025 filings. *See* **In re Lawton**, 384 S.W.3d 754, 764 (Tenn. Ct. App. 2012) ("A Rule 59 motion should only be granted 'when controlling law changes before the judgment becomes final; *when previously unavailable evidence becomes available*; or to correct a clear error of law or to prevent injustice' and 'should not be used to raise or present new, previously untried or unasserted theories or legal arguments.'" (emphasis added) (quoting **In re M.L.D.**, 182 S.W.3d 890, 895 (Tenn. Ct. App. 2005))); **Stovall v. Clarke**, 113 S.W.3d 715, 721 (Tenn. 2003) (providing that when a party attempts to introduce new evidence in support of a Rule 59.04 motion, the trial court should consider, inter alia, "the moving party's effort to obtain the evidence" and "the moving party's explanation for failing to offer the evidence" before the judgment was entered); **Pryor v. Rivergate Meadows Apartment Associates Ltd. P'ship**, 338 S.W.3d 882, 887 (Tenn. Ct. App. 2009) (noting that while "Rule 60.02 does not prohibit a party from using new evidence as the basis" for relief, "a movant, under either Rule 59 or Rule 60.02, must show that 'the new evidence was not known to the moving party prior to or during trial and that it could not have been known to him through exercise of reasonable diligence'" (quoting **Seay v. City of Knoxville**, 654 S.W.2d 397, 399 (Tenn. Ct. App. 1983)))). The trial court therefore acted within its discretion in not reconsidering its denial of Mr. Burstiner's Rule 60 motion based on this late-filed evidence.

under penalty of perjury.[14] *See* Tenn. R. Civ. P. 72 ("Whenever these rules require or permit an affidavit or sworn declaration, an unsworn declaration made under penalty of perjury may be filed in lieu of an affidavit or sworn declaration."). So then, the only evidence to rebut the presumption of receipt raised by the certificate of service on the notice of hearing is Mr. Burstiner's unsworn statements.

In contrast, Appellees filed three sworn declarations that service was made, either by email as stated on the certificate of service or by US mail as standard practice. The trial court expressly credited Ms. Wood's declaration on this issue, even though it differed from the certificate of service. We will not find an abuse of the trial court's discretion when it credited the only sworn evidence presented to it on this issue. Simply put, Mr. Burstiner's failure to present any evidence to support his claim that the notice was not properly served on him is fatal to his request for relief.

Moreover, in proceeding under Rule 60.02(1), "[t]he burden is upon the movant to set forth in a motion or petition and supporting affidavits facts explaining why the movant was justified in failing to avoid the mistake, inadvertence, surprise or neglect." ***Tenn. State Bank***, 609 S.W.2d at 527 (citing ***Hopkins***, 572 S.W.2d 639). Mr. Burstiner has stated that he only learned of the hearing on Appellees' motion to dismiss in November 2024, when he either checked the court's online docket or requested a status update from the court clerk in person. But Mr. Burstiner does not deny that he received the June 17, 2024 motion to dismiss, the certificate of service of which contained the same email address as the certificate attached to the notice of the hearing; indeed, he sought additional time to respond to the motion on July 5, 2024. And taking his unsworn statements as true for the sake of the argument, he received an email on July 11, 2024, that was clearly intended to include a notice of the motion hearing date but did not actually contain the attachment. Nevertheless, after informing Attorney Wills that the notice had not been attached to the email, Mr. Burstiner took no further action to confirm whether a hearing had indeed been set. He merely filed a response to the motion to dismiss in August 2024 and then waited another three months to make any inquiries into the status of his case. So even if we were to accept, arguendo, that Mr. Burstiner did not receive the notice of the motion to dismiss hearing, he still has not established that he was justified in failing to avoid the surprise of the hearing in light of the circumstances. *Cf.* ***Harris***, 2000 WL 630924, at *3 (looking to "corroborating circumstances" for support for the moving party's testimony).

### ii. Rule 60.02(3)

Mr. Burstiner's argument on appeal is almost entirely focused on Rule 60.02(3) and the judgment against him being void. He argues that the July 2024 dismissal order is void for multiple reasons, not only because he did not have notice of the hearing on Appellees'

---

[14] He did eventually file a declaration under penalty of perjury as part of his fourth Rule 60 motion in October 2025.

- 13 -

motion to dismiss but also because the order contained a certificate of service signed only by Attorney Wills, counter to Rule 58 of the Tennessee Rules of Civil Procedure, and because the trial court did not have jurisdiction over Appellees.

We begin with Mr. Burstiner's argument that the trial court did not have jurisdiction over Appellees. He highlights that Attorney Wills was not present at the motion to dismiss hearing and that the certificates of service attached to Appellees' joint filings were not signed by Attorney Boyd. Because Appellees have proceeded pro se in this case and neither entered any formal notice of appearance on the other's behalf, he asserts that Appellees were unable to represent each other. Mr. Burstiner categorizes this "coordinated litigation conduct" as the unauthorized practice of law, such that neither Attorney Wills nor Attorney Boyd were properly before the trial court. He therefore argues that the trial court lacked the jurisdiction to enter a valid order in relation to Appellees.

There can be no question, however, that Mr. Burstiner did not raise his argument that the dismissal order is void due to the trial court's lack of jurisdiction over the parties at any time prior to filing this appeal. *See **Powell v. Cmty. Health Sys., Inc.***, 312 S.W.3d 496, 511 (Tenn. 2010) (explaining that it "is axiomatic that parties will not be permitted to raise issues on appeal that they did not first raise in the trial court"). And although Rule 13(d) of the Tennessee Rules of Appellate Procedure directs us to "consider whether the trial and appellate court have jurisdiction *over the subject matter*, whether or not presented for review," the Rule makes no mention of the need to consider the court's jurisdiction *over the parties* when the issue is not properly preserved in the trial court. *Cf. **Turner v. Turner***, 473 S.W.3d 257, 269 (Tenn. 2015) ("Subject matter jurisdiction refers to the power of a court to adjudicate the particular category or type of case brought before it. Personal jurisdiction refers to the power of a court over the parties to the controversy to render a binding judgment. The concepts of subject matter jurisdiction and personal jurisdiction are fundamentally different." (internal citations omitted)). As Appellees raise no issue related to the trial court's authority over them, we conclude that this issue has been waived. *See **id.*** at 270 ("Because the requirement of personal jurisdiction functions to protect an individual right, it can, like other such rights, be waived.").[15]

We can also find no previous attempt by Mr. Burstiner to argue that the dismissal

---

[15] We note that while Appellees did represent themselves pro se in the trial court, they are still licensed attorneys who are permitted to represent other individuals, including each other, as they are authorized to do by their clients. Moreover, notices of appearance are not always strictly necessary, as attorneys may register their appearance in other ways depending on the situation. *Cf. **Patterson v. Rockwell Int'l***, 665 S.W.2d 96, 99 (Tenn. 1984) ("It has been said that the filing of any pleading, making or resisting of any motion, filing of exceptions to a Master's report, taking of depositions to be read in a cause, making of any agreement with plaintiff or his attorney relative to any proceeding in a cause, or any other act in the cause, between the filing of the complaint and rendition of the final decree, whereby pendency of the suit is recognized, expressly or by implication, will, if there be record evidence of the fact, constitute a general and unlimited appearance, unless limited by express declaration or by necessary implication.").

order was void because its certificate of service was signed by Attorney Wills and not the court clerk. It is true that Mr. Burstiner has stated that he did not receive a copy of the trial court's July 2024 dismissal order, but this was done as part of his lack of notice argument. Claiming that one did not receive an order despite a certificate of service to the contrary is a far cry from alleging that the order is void because the certificate of service was signed by a party and not the court clerk. Mr. Burstiner appeared to concede at oral argument that he did not raise a Rule 58 argument in the trial court. *See **Powell***, 312 S.W.3d at 511. In any event, Rule 58 expressly provides that one possible method for a court order to become effective is for the order to be "marked on the face by the clerk as filed for entry" and contain "the signatures of the judge and one party or counsel with a certificate of counsel that a copy of the proposed order has been served on all other parties or counsel[.]" Tenn. R. Civ. P. 58(2). The dismissal order in this case contains a file stamp and a certificate that the proposed order was served on Mr. Burstiner signed by Attorney Wills, in clear compliance with the Rule.

As discussed, *supra*, Mr. Burstiner has stressed throughout this case that he did not receive notice of the hearing on Appellees' motion to dismiss, and although he did not specify the particular subsection of Rule 60.02 that he was relying on for relief, Mr. Burstiner raised his lack of notice only as it related to his failure to appear at the hearing. None of Mr. Burstiner's pre-appeal filings discuss his lack of notice in relation to its effect on the validity of the order. *See **Minor Miracle Prods.***, 2012 WL 112593, at *7 (noting the requirement of specificity in Rule 60 pleadings). But it is true that a lack of proper notice may render a final judgment void and "Rule 60.02 does not abrogate the longstanding rule that void judgments may be attacked at any time." ***Turner***, 473 S.W.3d at 279.

However, in considering whether to set aside a final judgment for lack of notice, a distinction is made between those orders that are void and those that are merely voidable.[16] *See **Est. of Vanleer***, 2002 WL 32332191, at *6 n.7. When the record is devoid of any proof that notice was actually served or the proof of service indicates on its face that the order was the result of some other violation of the Tennessee Rules of Civil Procedure, Tennessee courts have found the judgment to be void at the time of entry. *See, e.g.*, ***Frierson v. Johnson***, No. M2006-02598-COA-R3-CV, 2008 WL 555721, at *7 (Tenn. Ct. App. Feb. 28, 2008) (concluding that "the default judgment should be considered void, not voidable, since it was issued with insufficient notice of the hearing that was evident from the certificate of service" in violation of Rule 55.01); ***Reynolds v. Battles***, 108 S.W.3d 249 (Tenn. Ct. App. 2003) (finding the default judgment to be void where the certificate of service contained the wrong house number and it was "plausible" that the non-moving party did not receive sufficient notice of the motion for a default judgment as required by Rule 55.01). But when the proof of service appears proper on its face, such that the

---

[16] The primary relevance of this distinction is to determine whether a party seeking relief from a default judgment must establish a meritorious defense to the suit, as that requirement does not apply where the default judgment is void. *Est. of Vanleer*, 2002 WL 32332191, at *6 n.7.

judgment was validly entered, the judgment is not void and "the question is whether [the judgment] should have been set aside based upon equitable principles." **Est. of Vanleer**, 2002 WL 32332191, at *6 n.7 (concluding that "the certificate of service was sufficient proof of notice for the court to enter default judgment" but finding that the defendants' testimony that they did not receive actual notice went toward their excusable neglect argument).

In this case, the certificate of service on Appellees' notice of hearing provided prima facie evidence that the notice was served. *See* **Harris**, 2000 WL 630924, at *3. Mr. Burstiner has not argued that any obvious impairments to service or violation of the Rules of Civil Procedure appears on the face of the notice. There is then nothing to suggest that the dismissal order was void at the time of its entry. So to the degree that Mr. Burstiner's voidness argument may not have been waived by his failure to broach it in the trial court, we find that, respectfully, it is without merit. Instead, Mr. Burstiner's assertion that he did not receive actual notice of the hearing raises the question of whether the dismissal order is voidable based on the equitable notion of excusable neglect. We have answered this question in the negative, *supra*, based on Mr. Burstiner's failure to provide sufficient evidence to rebut the notice's certificate of service.

In summary, the material Mr. Burstiner filed in support of his request for extraordinary relief does not establish that he should be relieved from the finality of the trial court's July 2024 dismissal order nor support a conclusion that, in denying the motion, the court applied an incorrect legal standard, reached an illogical or unreasonable decision, or based the decision on a clearly erroneous assessment of the evidence. *See* **Henderson**, 318 S.W.3d at 336; **Lee Med.**, 312 S.W.3d at 524. We conclude that the trial court's denial of Mr. Burstiner's Rule 60 motion was not an abuse of discretion.

Because we discern no abuse of discretion in the trial court denying Mr. Burstiner's request for Rule 60 relief, we do not reach the underlying judgment and his arguments related to the trial court's granting of the motion to dismiss are therefore pretermitted.

## C.

Finally, we address Appellees' request for frivolous appeal damages under Tennessee Code Annotated section 27-1-122, which provides as follows:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include, but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

An award of appellate expenses is within this Court's sole discretion, though the statute is

meant to be applied sparingly "to avoid discouraging legitimate appeals." ***Stokes v. Stokes***, No. M2018-00174-COA-R3-CV, 2019 WL 1077263, at *10 (Tenn. Ct. App. Mar. 7, 2019) (quoting ***Chiozza***, 315 S.W.3d at 493). We exercise our discretion to respectfully decline to award Appellees their expenses related to this appeal.

## V. CONCLUSION

The judgment of the Maury County Circuit Court is affirmed, and this matter is remanded to the trial court for further proceedings consistent with this Opinion. Costs of this appeal are taxed to Appellant Daniel Burstiner, for which execution may issue if necessary.

s/ J. Steven Stafford
J. STEVEN STAFFORD, JUDGE